OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Claimant, a psychiatric social worker, suffered an aggravation of a preexisting eye disorder while in respondent’s employ as a result of exposure to cigarette smoking in a poorly ventilated room. The Workers’ Compensation Board, reversing the decision of the Administrative Law Judge in claimant’s favor, determined that the claimant’s condition was not an "occupational disease” within the meaning of the section 3 (2) of the Workers’ Compensation Law. The Appellate Division affirmed.
It is settled that an "occupational disease”, under the statute as it existed at the time of claimant’s injury and claim, is restricted to medical conditions resulting from the ordinary and generally recognized risks incident to a particular occupation. An "occupational disease” derives from the very nature of the employment, not a specific condition peculiar to the employee’s place of work (see, Matter of Paider v Park E. Movers, 19 NY2d 373, 377; Matter of Goldberg v 954 Marcy Corp., 276 NY 313, 318-319). Because claimant’s injury was caused solely by the environmental conditions of her work place, not by any distinctive feature of the occupation of a psychiatric social worker, the Board had a proper legal basis to deny her claim.
This claim arose prior to the enactment of an amendment to section 2 (15) of the Workers’ Compensation Law which added a definition of "occupational disease” to the statute (L 1984, ch 659). We do not decide what, if any, change in the definition the amendment has effected.
*1010 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.