■ In the Matter of the Claim of STEVE WINN, Respondent, v HUDSON VALLEY EQUINE CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [626 NYS2d 578] —White, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed April 7, 1993 and December 24, 1993, which ruled, *inter alia,* that claimant suffered from an occupational disease and awarded workers' compensation benefits.

Claimant was employed by Hudson Valley Equine Center from June 1982 up to and including the summer of 1988, where his duties as an equine veterinarian involved working with all types of horses, but primarily race horses and broodmares. His work, which was extremely physical due to the size of the animals, included delivery of foals, surgery, dental work and other clinical duties, such as handling a portable X-ray machine, and required extensive use of his right arm and hand. In November 1982 claimant experienced pain in his right shoulder and, when the pain continued, he treated briefly with a doctor but lost no time from work, and at the time of a follow-up visit in February 1983 he had no problem with the shoulder. He continued his strenuous duties as a veterinarian until 1988, when he began to experience considerable pain in the right shoulder which increased to a point where surgery was required. He filed a workers' compensation claim in September 1988 and subsequently left the practice of veterinary medicine.

The claim filed by claimant in 1988 gave no date for the injury but a date of 1982 was given in the notice of indexing filed by the Workers' Compensation Board. The employer's workers' compensation carrier, Insurance Company of North America/CIGNA (hereinafter the carrier), was notified of the injury and contested coverage. After hearing extensive medical testimony as to the condition of claimant's right shoulder and a carpal tunnel syndrome in his right wrist, the Workers' Compensation Law Judge (hereinafter WCLJ) found an occupational disease to the right shoulder and right wrist with a date of disability of March 23, 1988, the date of claimant's first treatment with his orthopedic surgeon. In awarding benefits to claimant, the WCLJ also found that the claim was not time barred and that the carrier had waived and was estopped from raising the issue of coverage. The Board affirmed the decision of the WCLJ and the employer and carrier have appealed.

The employer and carrier contend that the Board's finding

that claimant suffers from an occupational disease is not supported by the record as there is no evidence that the conditions from which he suffers are a natural incident of the occupation of an equine veterinarian.

To establish an occupational disease it is not necessary to demonstrate a correlation between a disease and an occupation, but only a recognizable link between the disease and some distinctive feature of the job *(see, Matter of Tinelli v Ken Duncan, Ltd.,* 199 AD2d 567). Here, there is medical evidence establishing a causal connection between claimant's work as an equine veterinarian and the disabling conditions of his right shoulder and wrist. Thus, we shall sustain the finding of the Board as it is supported by substantial evidence *(see, Matter of Gates v McBride Transp.,* 60 NY2d 670).

The employer and carrier also contend that the claim is time barred because it was not filed within two years of the date of his accident in November 1982. The Board rejected this argument, finding the claim timely as it was filed within two years of March 23, 1988, the date of disablement *(see,* Workers' Compensation Law § 28).

It is undisputed that the date of disablement is to be determined by the Board pursuant to Workers' Compensation Law § 42 and the Board has a degree of latitude in choosing such date, as long as its findings are based on substantial evidence *(see, Matter of Bishop v St. Joe Mins.,* 151 AD2d 917, *lv denied* 75 NY2d 709). Here, testimony indicated that claimant was examined on March 23, 1988 and was subsequently found to have extensive damage to his shoulder, requiring him to leave his occupation. Inasmuch as the Court of Appeals has held that the Board may properly find the date of disablement to be the date medical care was necessary for an occupational disease *(see, Matter of Ryciak v Eastern Precision Resistor,* 12 NY2d 29, 32), we find the Board's finding to be supported by substantial evidence and consequently concur with its finding that this claim was timely filed *(see, Matter of Zambrona v Renell Bake Shop,* 34 AD2d 707).

The carrier also contends that it was not the carrier at risk at the date of disablement on March 23, 1988 since its coverage ended in 1985, and that the Board was incorrect in holding that it was estopped from denying coverage. However, the carrier should have been aware of the fact that this case involved an occupational disease, if not at the time of the filing of claimant's C-3 form in September 1988, then at some point between September 1989 and April 1991, during which time numerous hearings were held. Since the carrier failed to

raise this issue until August 1991, and the matter of estoppel is generally a question of fact *(see, Gulf Trading v New Hampshire Ins. Co.,* 135 AD2d 356), we find there is substantial evidence for the Board's determination *(see, Matter of Druziak v Town of Amsterdam,* 209 AD2d 870; *Matter of Lachover v C&A Bldrs.,* 199 AD2d 658; *Matter of Heustis v Teriele,* 193 AD2d 934).

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the decision and amended decision are affirmed, with costs to claimant.