■ In the Matter of the Claim of LEROY BATES, Respondent, v MARINE MIDLAND BANK et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [682 NYS2d 282] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed August 5, 1997, which ruled that claimant sustained a causally related occupational disease and awarded workers' compensation benefits.

Claimant, a bank recovery adjuster, developed a herniated disc as a result of cradling a telephone with his neck while simultaneously working at a computer terminal which was positioned eight inches below eye level. Finding that cradling the telephone was inherent in claimant's employment, the Workers' Compensation Board determined that claimant suffered from an occupational disease and awarded benefits on that basis. The employer and its workers' compensation insurance carrier appeal.

We reverse. An occupational disease is a condition which derives from the very nature of the employment and not from an environmental condition specific to the place of work (*see, Matter of Mack v County of Rockland*, 71 NY2d 1008, 1009). As stated by the Court of Appeals in the seminal case of *Matter of Goldberg v 954 Marcy Corp.* (276 NY 313): "[A]n occupational disease is one which results from the nature of the employment, and by nature is meant, not those conditions brought about by the failure of the employer to furnish a safe place to work, but conditions to which all employees of a class are subject, and which produce the disease as a natural incident of a particular occupation, and attach to that occupation a hazard which distinguishes it from the usual run of occupations and is in excess of the hazard attending employment in general. Thus compensation is restricted to disease resulting from the ordinary and generally recognized risks incident to a particular employment, and usually from working therein over a somewhat extended period. Such disease is not the equivalent of a disease resulting from the general risks and hazards common to every individual regardless of the employment in which he is engaged" (*id.*, at 318-319). Thus, in order to demonstrate his

entitlement to benefits based upon an occupational disease, claimant was required to establish a "recognizable link" between his condition and a distinctive feature of his occupation as a bank recovery adjuster (*see, Matter of Mack v County of Rockland, supra,* at 1009; *Matter of Paider v Park E. Movers,* 19 NY2d 373, 377; *Matter of Goldberg v 954 Marcy Corp., supra,* at 319; *Matter of Bryant v City of New York,* 252 AD2d 777, *lv denied* 92 NY2d 813; *Matter of Winn v Hudson Val. Equine Ctr.,* 215 AD2d 920, 921).

Based upon our review of the record, we conclude that the Board's decision finding that claimant suffered from an occupational disease is not supported by substantial evidence. While it was within the Board's province to resolve the credibility issues created by conflicting evidence relating to the cause of claimant's herniated disc (*see, Matter of Morrell v Onondaga County,* 238 AD2d 805, *lv denied* 90 NY2d 808), the testimony that the Board chose to credit does not support the conclusion that claimant suffered from an occupational disease. Claimant's treating physician opined that the layout of claimant's work station and the manner in which he cradled the phone with his neck caused him to engage in a repetitive neck motion which ultimately resulted in cervical disc damage. Moreover, claimant no longer engaged in the neck motion once his computer terminal was elevated and his telephone was replaced with a fiberoptic headset. Because this evidence demonstrates that claimant's condition was caused by the configuration of his work space and the manner in which he used the equipment provided, rather than some unique feature of his particular employment (*see, Matter of Bryant v City of New York, supra*), we find that claimant failed to establish that he suffered from an occupational disease. To the extent that this Court's prior decision in *Matter of Patella v Accettola* (203 AD2d 884) compels a contrary result, it should not be followed.

White, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.