release executed by him is void as against public policy and is wholly unenforceable.*

We likewise reject the contention of CDFF that it was not the owner or operator of the facility where Williams was injured but, rather, merely a sponsoring organization and, as a result, the release should be deemed enforceable. Initially, we note that CDFF was much more than a mere sponsor. It created and operated the league in question, arranged for the use of six fields for that purpose, provided referees for league play and acquired insurance for its protection in that regard. The fact that CDFF did not own, maintain or control the playing field where the recreational activity took place is not controlling. The relevant inquiry is whether CDFF, as the operator of the recreational activity in question, received compensation therefor (see, Filson v Cold Riv. Trail Rides, 242 AD2d 775). Finally, we agree with Supreme Court that a question of fact exists as to Williams' implied assumption of the injury-producing risk.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Capital District Flag Football, Inc. for summary judgment dismissing the complaint against it; said motion denied and matter remitted to the Supreme Court for determination of plaintiffs' cross motion to amend their complaint and bill of particulars; and, as so modified, affirmed.

■ In the Matter of the Claim of HECTOR DEMERS, Appellant, v ST. LAWRENCE PSYCHIATRIC CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [706 NYS2d 251] —Crew III, J. P. Appeal from a decision of the Workers' Compensation Board, filed January 11, 1999, which ruled that claimant did not sustain an occupational disease and denied his claim for workers' compensation benefits.

Claimant, who suffers from an asbestos-related lung disease caused by his exposure to asbestos while working as a therapy aide for the employer from 1955 to 1986, filed a claim for workers' compensation benefits alleging that his condition constituted an occupational disease. Finding that exposure to asbestos was not a distinctive feature of claimant's employment, the Workers' Compensation Board ultimately ruled that claimant did not sustain an occupational disease and denied the claim for benefits. This appeal by claimant followed.

---

* To the extent that Stuhlweissenburg v Town of Orangetown (223 AD2d 633) holds to the contrary, we expressly decline to follow it.

We affirm. It is well settled that "[a]n occupational disease is a condition which derives from the very nature of the employment and not from an environmental condition specific to the place of work" (*Matter of Bates v Marine Midland Bank*, 256 AD2d 948). As applied to the matter before us, claimant was required to establish a "recognizable link" between his lung condition and a distinctive feature of his employment as a therapy aide (*see, Matter of Leventer v Yeshiva of Flatbush*, 257 AD2d 903, 904; *Matter of Bryant v City of New York*, 252 AD2d 777, *lv denied* 92 NY2d 813). This claimant failed to do. The record as a whole establishes that the buildings in which claimant worked housed an extensive system of steam pipes wrapped in asbestos insulation and that such insulation, in turn, would flake off and settle on surrounding surfaces. Hence, the hazard to which claimant was exposed stemmed not from a distinctive feature of claimant's employment as a therapy aide but, rather, from his work environment in general. Under such circumstances, we cannot say that the Board erred in ruling that claimant did not sustain an occupational disease. Claimant's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.