■ In the Matter of the Claim of DONNA CURRIER, Respondent, v MANPOWER, INC., OF NEW YORK, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [721 NYS2d 137] —Spain, J. Appeal from an amended decision of the Workers' Compensation Board, filed November 17, 1999, which, *inter alia,* ruled that claimant sustained a causally related occupational disease.

While employed by the temporary employment agency Manpower, Inc., of New York, claimant was assigned at Gillette Plastics from April 1995 to February 1996 where her work as a plastics inspector involved long periods of standing and repetitive manual labor as she inspected parts and placed them in boxes. According to claimant, she experienced pain in her back, buttocks and legs as a result of this activity. Claimant was treated for this pain by a chiropractor who diagnosed claimant with chronic lumbosacral strain and sciatica into the legs. Claimant missed three weeks of work as a result of her injuries and alleges that she promptly notified her employer of her condition.

In April 1996, claimant was assigned to the Eraser Company where she ran a punch machine, again requiring repetitive activity and a great deal of sitting and bending. She found that her pain increased and eventually, on May 26, 1996, her

chiropractor took her out of work on total disability. Claimant subsequently filed for workers' compensation benefits. After a hearing and consideration of reports from claimant's chiropractor and two medical doctors who independently examined claimant, the Workers' Compensation Board ultimately concluded that occupational disease, notice and casual relation had been established. Manpower and its carrier (hereinafter collectively referred to as the employer) appeal, arguing (1) that the Board's determination that claimant suffered from an occupational disease is not supported by substantial evidence, and (2) that if claimant was injured, it was the result of an accident and not occupational disease, and thus claimant failed to provide timely notice of the accident.

"An occupational disease is a condition which derives from the very nature of the employment and not from an environmental condition specific to the place of work [citation omitted]" (*Matter of Bates v Marine Midland Bank*, 256 AD2d 948). To establish an occupational disease, a claimant must show a " ' "recognizable link" ' between the disease from which she allegedly suffers and some distinctive feature of her employment" (*Matter of Bryant v City of New York*, 252 AD2d 777, *lv denied* 92 NY2d 813). Here, the consistent diagnoses of all three doctors that claimant suffers from lumbar strain and sciatica provide ample evidence of injury. Furthermore, claimant testified that she experienced pain as a result of the repetitive and prolonged physical requirements of her job as a plastics inspector on an assembly line and as a punch machine operator. This testimony is supported by several reports filed by claimant's treating chiropractor which opine that the sitting and bending involved in claimant's work was "the competent producing cause" of claimant's injury. Notably, the employer failed to offer any contrary medical evidence on that issue. Thus, we cannot say that the Board abused its discretion in crediting the uncontroverted medical opinion of claimant's expert and concluding that claimant established that her injuries are a natural incident of her work activities while employed by Manpower (*see, Matter of Winn v Hudson Val. Equine Ctr.*, 215 AD2d 920, 921; *Matter of Brozzo v St. Joe Mins. Corp.*, 175 AD2d 425, 426-427; *cf., Matter of De Salvo v Prudential Ins. Co.*, 248 AD2d 897, 898).

Finally, we reject the employer's contention that claimant failed to provide timely notice of her injury under Workers' Compensation Law § 18, which mandates that notice of an accidental injury shall be given within 30 days after the injury-causing event. Inasmuch as we have concluded that the Board

did not err in concluding that claimant suffers from an occupational disease, claimant had two years "after the disablement or after [she] knew or should have known that the disease is due to the nature of the employment, whichever is the later date" (Workers' Compensation Law § 45) to give notice. Thus, even if the Board had credited the employer's contention that it did not receive notice until December 1996, the notice was timely in that claimant was not out of work on total disability until March 1996.

Peters, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the amended decision is affirmed, without costs.