■ In the Matter of the Claim of WILLIAM BENJAMIN, Appellant, v INTERNATIONAL BUSINESS MACHINES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 288] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed November 17, 2000, which ruled that claimant did not sustain a causally related occupational disease and denied his claim for workers' compensation benefits.

Claimant was employed by International Business Machines (hereinafter IBM) for 15 years until he was laid off in 1993. In October 1994, claimant filed a claim for workers' compensation benefits alleging that he suffered from Raynaud's syndrome in both hands as a result of his longstanding use of "vibrating

tools and equipment" at that job. Although claimant maintained that his symptoms started prior to the end of his employment, it is undisputed that he never mentioned the problem to IBM nor did he seek medical attention until approximately 17 months after he left IBM's employ. IBM's workers' compensation carrier controverted the claim on the ground, inter alia, that there was no evidence that the disability was causally related to claimant's work. After examination, the carrier's physician confirmed that claimant suffered from Raynaud's syndrome and indicated that he had a "moderate to marked, partial disability." However, the physician could not determine whether claimant's use of vibrating tools caused the disease.

At the hearing, claimant testified that, during his employment with IBM, he was required to service air handlers and, additionally, grease large generators while they were running and vibrating to an excessive degree. He used a portable air compressor to grease the units with various nonelectric tools, such as wrenches, socket sets and screwdrivers, which would vibrate in his hand when applied to the running generators. Claimant stated that his other duties occasionally required the use of an electric hammer drill, although his former supervisor stated that such a tool was not available in the workshop. The testimony of the supervisor and claimant's former coworkers varied on the frequency the generators were serviced while running and how much vibration they produced. Claimant's treating physician testified that he had no recollection of claimant discussing his work servicing generators with him. However, claimant did tell him, during an appointment on August 10, 1999, that he had "no problems with pliers, screwdrivers, et cetera, other hand tools, but the hammer drill and [electric saws] caused vibration and caused symptoms." As a result, claimant's physician opined that claimant's longstanding use of electric hand tools was a major contributing cause of his condition. The physician acknowledged, however, that Raynaud's syndrome can have multiple causes and be of unknown origin. The Workers' Compensation Law Judge (hereinafter the WCLJ) found insufficient evidence that claimant's condition was work related and disallowed the claim. The Workers' Compensation Board affirmed the WCLJ's findings, prompting this appeal by claimant.

A claimant attempting to prove an occupational disease must "establish a 'recognizable link' between his condition and a distinctive feature of his occupation" (*Matter of Bates v Marine Midland Bank*, 256 AD2d 948, 949; *see, Matter of Currier v Manpower, Inc. of N.Y.*, 280 AD2d 790, 791). Here, claimant

argues that the Board erred in not finding that his condition was work related because it failed to credit the uncontroverted opinion of his physician (*see, e.g., Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539; *Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, *affd* 80 NY2d 775). We note that the Board adopted the opinion of the WCLJ, who did not credit the opinion of claimant's physician since the physician had "formed his opinion of causal relationship [based] upon a history, not established in this record, of frequent use of vibrating [electric hand] tools." Notably, claimant testified that he only occasionally used an electric hammer drill. Although he testified as to regular use of non-electric tools when servicing generators, his physician had no recollection of claimant discussing his generator work with him. Since "the Board is entitled to disregard an expert opinion when it is based upon an assumption that lacks evidentiary support in the record" (*Matter of Marks v County of Tompkins*, 274 AD2d 764, 765; *see, Matter of Parisi v Incorporated Vil. of Val. Stream*, 284 AD2d 841, 842; *Matter of Owens v Village of Ellenville Police Dept.*, 280 AD2d 786, 787), we cannot say that the Board erred in refusing to credit the opinion of claimant's physician concerning causation. Accordingly, we find no reason to disturb the Board's decision.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.