◼ In the Matter of MARY L. ALDRICH, Respondent, v ST. JOSEPH'S HOSPITAL, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 603] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 7,

2002, which ruled that claimant suffered a compensable occupational disease.

Claimant, a licensed practical nurse, began working for the employer at its hospital in 1990. In March 1997, she experienced pain in her right foot and knee while walking on the job and went to the emergency room. She was diagnosed with a bone spur in her right heel. She subsequently filed a claim for workers' compensation benefits, which was controverted by the employer. Following a hearing, a Workers' Compensation Law Judge established the case for occupational disease, notice and causal relationship, and awarded claimant benefits. The Workers' Compensation Board affirmed this decision.* The employer and its workers' compensation carrier now appeal.

Pursuant to Workers' Compensation Law § 2 (15), an occupational disease is "a disease resulting from the nature of employment and contracted therein." This Court has held that " '[a]n occupational disease is a condition which derives from the very nature of the employment and not from an environmental condition specific to the place of work' " (*Matter of Currier v Manpower, Inc., of N.Y.*, 280 AD2d 790, 791 [2001], quoting *Matter of Bates v Marine Midland Bank*, 256 AD2d 948, 948 [1998]). "A claimant attempting to prove an occupational disease must 'establish a "recognizable link" between his [or her] condition and a distinctive feature of his [or her] occupation' " (*Matter of Benjamin v International Bus. Machs.*, 293 AD2d 889, 890 [2002], quoting *Matter of Bates v Marine Midland Bank, supra* at 949; *see Matter of Bryant v City of New York*, 252 AD2d 777, 777 [1998], *lv denied* 92 NY2d 813 [1998]).

In the case at hand, claimant testified that she worked eight hours a day, four days a week as a staff nurse and that, during much of that time, her duties entailed walking up and down the hallways to care for patients. She stated that prior to developing the bone spur in 1997 while working at the hospital, she had not experienced any other problems with her feet. Claimant's treating podiatrist, who initially saw her on August 8, 1997, opined that the bone spur was related to claimant's work given the nature of her job and the amount of hours she is on her feet. Likewise, the podiatrist who performed an independent medical examination of claimant indicated that claimant suffered from classic heal spur syndrome and that her work may be an aggravating factor, noting that claimant complained of pain attributable to walking on the hard floors

* The Board initially reversed the Workers' Compensation Law Judge's decision, but later rescinded its decision.

at work. Inasmuch as the evidence establishes that repetitive walking to care for patients was a distinct feature of claimant's job and the medical proof substantiates the necessary causal link, substantial evidence supports the Board's finding that claimant suffered a compensable occupational disease.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.