Spain, J.
Appeal from a decision of the Workers’ Compensation Board, filed October 3, 2002, which, inter alia, ruled that claimant suffered a compensable occupational disease.
From 1983 until 2001, claimant worked for United Parcel Service (hereinafter the employer) as a delivery truck driver. He filed a claim for workers’ compensation benefits after he was diagnosed with interstitial pulmonary fibrosis allegedly due to his exposure to dust and various other airborne substances while on the job. The employer’s workers’ compensation carrier controverted the claim on the basis that claimant’s disability was not causally related. Following various hearings, a Workers’ Compensation Law Judge, among other things, established the case for notice, causal relationship and occupational disease, and found claimant to be permanently partially disabled. The Workers’ Compensation Board upheld the findings in this regard and this appeal by the employer and its carrier ensued.
We reverse. Workers’ Compensation Law § 2 (15) defines an occupational disease as “a disease resulting from the nature of employment and contracted therein.” More specifically, “[a]n occupational disease is a condition which derives from the very nature of the employment and not from an environmental condition specific to the place of work” (Matter of Bates v Marine Midland Bank, 256 AD2d 948, 948 [1998]; see Matter of Mack v County of Rockland, 71 NY2d 1008, 1009 [1988]; Matter of Goldberg v 954 Marcy Corp., 276 NY 313, 318-319 [1938]). In order to obtain workers’ compensation benefits based upon an occupational disease, the claimant must “establish a ‘recognizable link’ between his condition and a distinctive feature of his occupation” (Matter of Bates v Marine Midland Bank, supra at 949).
Here, claimant has not demonstrated that his lung condition is attributable to a distinctive feature of his job as a delivery truck driver. Rather, his affliction appears to have been a result of the specific environment in which he worked. Claimant testified that he was exposed to dust and dirt while inside his delivery vehicle by virtue of the openings on each side and the rear door, which did not completely close and created, in effect, a vacuum. He also stated that he sometimes made deliveries to industrial facilities, such as sheet metal plants and body shops, where he was exposed to dust and other airborne irritants. His physician testified that a lung biopsy revealed the presence of iron and dust particles in claimant’s lung leading to his diagno *856 sis of interstitial pulmonary fibrosis, and that this condition was consistent with the exposure, as related to him by claimant, to dust and other airborne irritants at work. He acknowledged, however, that he did not know the duration of the exposure causing this condition and that it was unusual for a delivery truck driver, and did not identify the precise agent producing the condition. Absent any link between claimant’s condition and a distinctive feature of the job itself, as opposed to the vehicle out of which he worked or the places to which he made deliveries, we find that substantial evidence supporting a case for occupational disease was not established (see Matter of Mack v County of Rockland, supra at 1009; Matter of Bates v Marine Midland Bank, supra at 949; Matter of Bryant v City of New York, 252 AD2d 777, 777-778 [1998], lv denied 92 NY2d 813 [1998]; Matter of Dando v Binghamton Bd. of Educ., 111 AD2d 1060, 1061 [1985]). Nevertheless, because claimant also raised the issue of accidental injury, the matter must be remitted to the Board to consider this issue (see Matter of Martin v Fulton City School Dist., 300 AD2d 901, 902 [2002]).
Mercure, J.P, Feters, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.