■ In the Matter of LAWRENCE BAKER, Respondent, v WEYERHAEUSER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [796 NYS2d 740]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 1, 2004, which ruled that claimant sustained a causally related disability and awarded workers' compensation benefits.

In August 2002, after working at a corrugated cardboard plant for many years manually pushing and pulling heavy loads of material from production to storage, claimant experienced shoulder pain and reported it to his employer, which promptly filed a C-2 form. Claimant ceased working in September 2002, was diagnosed as having a torn rotator cuff and a herniated cervical disc, and ultimately applied for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge established occupational disease, notice and causal relationship, and found a disablement date of September 9, 2002. The Workers' Compensation Board upheld these findings, prompting this appeal.

Workers' Compensation Law § 2 (15) defines an occupational disease as "a disease resulting from the nature of employment and contracted therein." More specifically, "[a]n occupational disease is a condition which derives from the very nature of the employment and not from an environmental condition specific to the place of work" (*Matter of Bates v Marine Midland Bank*, 256 AD2d 948, 948 [1998]; *see Matter of Mack v County of Rockland*, 71 NY2d 1008, 1009 [1988]; *Matter of Goldberg v 954 Marcy Corp.*, 276 NY 313, 318-319 [1938]). In order to obtain benefits based upon an occupational disease, claimant must also "establish a 'recognizable link' between his condition and a distinctive feature of his occupation" (*Matter of Bates v Marine Midland Bank, supra* at 949). Here, claimant presented his own testimony indicating that the nature of his work as a transfer operator required strenuous physical exertion pushing stacks of cardboard weighing 300 to 500 pounds, 8 to 10 hours a day, 5 days a week for 15 years. He also presented competent medical

evidence that his herniated cervical disc and torn rotator cuff were caused by such labor. The Board credited these opinions and rejected the contrary opinion of the employer's expert. Thus, while there is evidence in favor of the employer's position, the record contains substantial evidence supporting the Board's factual findings (*see e.g. Matter of Raub v Cutler Hammer*, 1 AD3d 785, 786 [2003]).

Finally, as to the issue of notice, the record shows that claimant notified the employer of his injury on September 20, 2002. Even if we were to consider this notification to be ineffective, the employer certainly had notice when claimant's attending doctor filed a C-4 report four months later, well within the two-year notice period allowed by Workers' Compensation Law § 45 for claimant's occupational disease (*see Matter of Currier v Manpower, Inc., of N.Y.*, 280 AD2d 790, 791-792 [2001]).

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.