■ In the Matter of the Claim of MONICA P. BALL, Respondent, v NEW ERA CAP COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [799 NYS2d 334]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed April 12, 2004, which ruled, inter alia, that claimant sustained a causally related occupational disease and awarded workers' compensation benefits.

In July 2002, claimant, a seamstress, sought medical treatment for pain in her lower back and filed a claim for workers' compensation benefits. Although she was reassigned to a light-duty position, claimant continued to experience back pain and also developed pain in her neck, right shoulder and right arm. In January 2003, claimant filed a second claim for benefits for the injuries to her neck, shoulder and arm. After a hearing on both claims, a Workers' Compensation Law Judge concluded that claimant suffered a causally related occupational disease and awarded benefits. The self-insured employer and its workers' compensation administrator (hereinafter collectively referred to as the employer) appealed that determination and the Workers' Compensation Board affirmed. This appeal by the employer ensued.

"An occupational disease is a condition which derives from the very nature of the employment and not from an environmental condition specific to the place of work" (*Matter of Bates v Marine Midland Bank*, 256 AD2d 948, 948 [1998] [citation omitted]; *see* Workers' Compensation Law § 2 [15]; *Matter of Currier v Manpower, Inc., of N.Y.*, 280 AD2d 790, 791 [2001]). To establish an occupational disease, a claimant must demonstrate a "recognizable link" between the alleged condition and a "distinctive feature" of his or her work (*Matter of Winn v Hudson Val. Equine Ctr.*, 215 AD2d 920, 921 [1995]; *see Matter of Aldrich v St. Joseph's Hosp.*, 305 AD2d 908, 909 [2003]). Here, claimant testified that she worked 40 hours per week sewing liners into baseball caps at an average rate of 16 boxes per day, each of which contained up to 72 caps. She stated that, although the majority of her day was spent seated at a sewing machine, after her work was completed on the caps, she was also required to lift and carry the boxes to the next work station. Claimant's treating physician testified that her injuries were attributable to extended periods of sitting, the repetitive motions of bending to retrieve the caps from the boxes located next to her, operating the sewing machine by foot pedal, as well

as lifting and carrying the boxes. Although there was some evidence to suggest that poor posture may have contributed to claimant's injuries, "this Court 'will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board also is substantial' " (*Matter of Pelli v St. Luke's Mem. Hosp. Ctr.*, 307 AD2d 555, 556 [2003], *lv denied* 1 NY3d 501 [2003], quoting *Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675 [1993]). Notably, the employer did not present any contrary medical evidence. Thus, inasmuch as the evidence demonstrates that claimant's repetitive motions were a distinctive feature of her employment and the medical proof supports a causal link, the Board's determination that claimant suffered a compensable occupational disease is supported by substantial evidence and will not be disturbed (*see Matter of Aldrich v St. Joseph's Hosp.*, supra at 910; *Matter of Currier v Manpower, Inc., of N.Y.*, supra at 791).

Finally, the employer's contention that the claims were untimely filed is unpersuasive as each claim was filed within two years of the dates of disablement established by the Workers' Compensation Law Judge, which are not contested by the employer (*see* Workers' Compensation Law §§ 28, 45; *Matter of Patterson v Long Is. Jewish Med. Ctr.*, 296 AD2d 774, 775 [2002]; *Matter of Currier v Manpower, Inc., of N.Y.*, supra at 792).

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.