## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 26, 2015                    519016
_____

In the Matter of the Claim of
    DANIEL PHELAN,
                    Appellant,

        v

BETHPAGE STATE PARK, NEW YORK          MEMORANDUM AND ORDER
    STATE DEPARTMENT OF PARKS &
    RECREATION, et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  February 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

                    _____

        John F. Clennan, Ronkonkoma, for appellant.

        William O'Brien, State Insurance Fund, Melville (Tommasino
Salvatore Conte of counsel), for Bethpage State Park, New York
State Department of Parks & Recreation and another, respondents.

                    _____

Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed August 14, 2013, which ruled that claimant did not sustain
a causally related occupational disease and denied his claim for
workers' compensation benefits.

        Claimant worked outdoors performing maintenance and grounds
keeping at a state park for over 35 years.  In February 2010, he
developed a diabetic ulceration with a secondary formation of

osteomyelitis, described as an infection in the bone, near the first metatarsal head of the right foot, which required surgery and, later, partial amputation of his right foot. Claimant stopped working in May 2010 and filed a claim for workers' compensation benefits, alleging that his condition was the result of exposure to the cold while working outside. The employer and its workers' compensation carrier controverted the claim upon the ground that, among others, claimant's condition was the result of diabetes and not a result of the nature of his work, which did not cause the condition. Following hearings, a Workers' Compensation Law Judge determined that claimant had sustained a causally related occupational disease to his right foot with a date of disablement of March 10, 2010, and awarded him benefits. On review, the Workers' Compensation Board reversed, finding no causally related occupational disease and disallowed the claim. Claimant now appeals.

We affirm. An occupational disease is "a disease resulting from the nature of employment and contracted therein" (Workers' Compensation Law § 2 [15]). To be entitled to workers' compensation benefits for a condition as an occupational disease, "a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Connolly v Covanta Energy Corp., 123 AD3d 1394, 1395 [2014] [internal quotation marks and citations omitted]; see Matter of Satalino v Dan's Supreme Supermarket, 91 AD3d 1019, 1019 [2012]). Further, "medical opinions regarding a causal relationship must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Satalino v Dan's Supreme Supermarket, 91 AD3d at 1019 [internal quotation marks and citations omitted]; see Matter of Manka v Goodyear Tire & Rubber Co., 123 AD3d 1172, 1173 [2014]).

Here, claimant, a diabetic since 1991, testified that in February 2010, he developed a skin fissure or crack in the side of his right foot that developed into an ulcer and, later, became infected, which he attributed to exposure to cold weather. However, "[a]n occupational disease derives from the very nature of the employment, not a specific condition peculiar to an employee's place of work" (Matter of Mack v County of Rockland,

71 NY2d 1008, 1009 [1988]) nor from "an environmental condition specific to the place of work" (Matter of Ball v New Era Cap Co., 21 AD3d 618, 619 [2005]; see Matter of Engler v United Parcel Serv., 1 AD3d 854, 855 [2003]).  Because claimant alleged that his condition resulted from the environment in which he worked, rather than from any distinctive feature of his maintenance and grounds keeping work, the Board properly denied his claim.

Further, Peter Cutler, the carrier's podiatrist who examined claimant almost two years after the onset of the ulcer, testified that diabetes and other factors may have contributed to claimant's condition, concluding that there was a "strong possibility that cold weather was one of the causative factors." Michael Livingston, claimant's treating podiatrist, also testified that there were many potential causes of his condition, including diabetes and other medical conditions as well as the cold weather, and then opined that his condition was "in part" due to extreme weather conditions.  He conceded, however, that he did not know what caused the condition, a concession upon which the Board relied.  "The Board was free to reject this less than compelling medical evidence," and its finding that claimant did not submit credible medical evidence of a causally related occupational disease is supported by substantial evidence (Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1043 [2014]).  Claimant's remaining contentions also lack merit.

Lahtinen, J.P., Garry and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court