*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    519012
_____

In the Matter of the Claim of
    SHERMAN JONES,
                        Respondent,

        v
                                          MEMORANDUM AND ORDER
CONSOLIDATED EDISON COMPANY OF
    NEW YORK, INC., et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  May 26, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

_____

        Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

_____

McCarthy, J.

        Appeal from a decision of the Workers' Compensation Board,
filed August 2, 2013, which, among other things, ruled that
claimant sustained a causally related occupational disease and
awarded workers' compensation benefits.

        Claimant worked for the employer for 42 years as a customer
service representative.  In connection with his duties, claimant
would answer multiple telephone calls a day and cradle the

telephone between his shoulder and neck while simultaneously using the computer to input customer information. In October 2010, claimant sought medical treatment for neck pain and was subsequently diagnosed with a repetitive stress injury to his neck. Thereafter, claimant filed a claim for workers' compensation benefits, claiming that his condition was causally related to his employment. The Workers' Compensation Law Judge granted the application and awarded workers' compensation benefits. Ultimately, the Workers' Compensation Board, after full Board review, ruled that claimant sustained an occupational disease and awarded workers' compensation benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) now appeal.

We affirm. An occupational disease is a condition "resulting from the nature of employment" and not the environmental conditions of the workplace (Workers' Compensation Law § 2 [15]; see Matter of Baker v Weyerhaeuser, 19 AD3d 850, 850 [2005]). In order for an occupational disease to be established, "the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment" (Matter of Camby v System Frgt. Inc., 105 AD3d 1237, 1237 [2013] [internal quotation marks and citation omitted]; see Matter of Bates v Marine Midland Bank, 256 AD2d 948, 949 [1998]). Here, the unrefuted medical evidence established that claimant's cervical injury was causally related to the nature of his employment activities. As the record amply establishes that the repetitive nature of claimant's employment duties caused the disability by exacerbating a dormant and nondisabling preexisting condition, the Board's decision is supported by substantial evidence and will not be disturbed (see Matter of Tipping v Orthopedic Surgeons of Long Is., 68 AD3d 1224, 1225-1226 [2009]; Matter of Pulos v Asplundh Tree, 29 AD3d 1073, 1074 [2006]; Matter of Ball v New Era Cap Co., Inc., 21 AD3d 618, 619-620 [2005]).

The employer's remaining contentions have been reviewed and found to be unpersuasive.

Lahtinen, J.P., Rose and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court