Matter of Garcia v MCI Interiors, Inc. (2018 NY Slip Op 00873)





Matter of Garcia v MCI Interiors, Inc.


2018 NY Slip Op 00873


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

524358

[*1]In the Matter of the Claim of CARLOS GARCIA, Claimant,
v
MCI INTERIORS, INC., et al., Appellants, and SUMMIT RETAIL INTERIORS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


The Chartwell Law Offices, LLP, New York City (Lauren M. Bilasz of counsel), for appellants.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for Summit Retail Interiors, Inc. and another, respondents.
Eric T. Schneiderman, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeals (1) from a decision of the Workers' Compensation Board, filed March 31, 2016, which ruled, among other things, that claimant sustained a causally-related occupational disease and set a date of disablement, and (2) from a decision of said Board, filed February 8, 2017, which denied the application of the employer and its workers' compensation carrier for reconsideration and/or full Board review.
Claimant worked as a plasterer in the construction industry for over 30 years and began working for the employer in 2011. His work duties included repetitive lifting and mixing of [*2]heavy containers of compound and applying the compound to walls and ceilings. In 2015, claimant filed a claim for workers' compensation benefits, citing injuries to his neck and back resulting from repetitive heavy lifting at work. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that, as a result of repetitive stress, claimant sustained an occupational disease to his neck and back and set claimant's date of disablement as March 24, 2015. The WCLJ directed awards from March 24, 2015 to July 13, 2015 and to continue. Upon review, the Workers' Compensation Board modified the WCLJ's decision, rescinding the awards directed from March 24, 2015 to July 13, 2015 and continuing, pending further development of the record regarding issues of labor attachment, but otherwise affirmed the establishment of an occupational disease and the setting of the date of disablement. The subsequent request by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) for reconsideration and/or full Board review was denied and these appeals ensued.
We affirm. "In order for an occupational disease to be established, the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment" (Matter of Jones v Consolidated Edison Co. of N.Y., Inc., 130 AD3d 1106, 1106-1107 [2015] [internal quotation marks and citations omitted]; see Matter of Satalino v Dan's Supreme Supermarket, 91 AD3d 1019, 1019 [2012]). Claimant testified that his job required lifting and carrying containers of plastering compound weighing roughly 50 pounds and using the compound to hang sheetrock for eight hours a day, five or six days a week, for over 30 years. Samuel Kim, a neurosurgeon, opined that claimant suffered from chronic neck and back pain and degenerative disc disease in his cervical and lumbar spine and that the condition was consistent with a history of repetitive movement, and Yong Kim, claimant's treating physician, attributed claimant's back pain to "repetitive use at work." In light of the foregoing, and given that no contrary medical opinions were presented, the Board's determination that claimant suffered from an occupational disease resulting from repetitive stress is supported by substantial evidence and will not be disturbed (see Matter of Curtis v Xerox, 66 AD3d 1106, 1108 [2009]; Matter of Ball v New Era Cap Co., Inc., 21 AD3d 618, 620 [2005]; Matter of Aldrich v St. Joseph's Hosp., 305 AD2d 908, 909-910 [2003]).
We reject the employer's contention that claimant's application for benefits was time-barred pursuant to Workers' Compensation Law § 28. A claim for workers' compensation due to disablement caused by any occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Workers' Compensation Law § 28). Here, the Board set March 24, 2015 as the date of disablement, which is the date that claimant was first provided, in the form of a letter from his treating physician, a medical opinion that his condition was work-related. The Board is afforded great latitude in setting the date of disablement, and its determination that the date chosen corresponds with the first time that claimant knew or should have known that his condition was causally-related to his employment is supported by substantial evidence and will not be disturbed (see Matter of Mickelson v Value Constr., 150 AD3d 1608, 1609 [2017]; Matter of Bunn v Wegmans Food Mkts., Inc., 130 AD3d 1133, 1134 [2015]). Since claimant applied for benefits within two years of the date of disablement, his application was timely filed (see Matter of Bunn v Wegmans Food Mkts., Inc., 130 AD3d at 1134; Matter of Hastings v Fairport Cent. School Dist., 274 AD2d 660, 661-662 [2000], lv dismissed 95 NY2d 926 [2000]).
The employer's remaining contention regarding a potential concurrent employer being placed on notice of this claim was not a subject of the Board decision being appealed from here. Rather, this issue was addressed in a subsequent decision by the Board, filed on August 4, 2017, which also addressed claimant's attachment to the labor market. Accordingly, this issue is not [*3]properly before us on this appeal (see Matter of Hernandez v Vogel's Collision Serv., 48 AD3d 861, 862 [2008]). The employer's remaining claims have been considered and found to be without merit.
McCarthy, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.