Matter of Scott v Bimbo Bakeries USA, Inc. (2019 NY Slip Op 03119)





Matter of Scott v Bimbo Bakeries USA, Inc.


2019 NY Slip Op 03119


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

526783

[*1]In the Matter of the Claim of ERIN SCOTT, Respondent.
v
BIMBO BAKERIES USA, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for Erin Scott, respondent.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed August 21, 2017, which ruled that claimant sustained a causally-related occupational disease and set a date of disablement.
Claimant worked at the cake plant of a commercial bakery for 20 years, both on the production line and operating heavy machinery. Her duties on the production line required her to stand and place products that were quickly moving down the line onto 10-pound trays, which she then stacked and placed onto dollies. Her duties as a machine operator required her to continually bend and lift piles of heavy duty corrugated cardboard boxes that were used to fill her machine. She also pulled down wooden pallets from nearby stacks that were used by workers on the production line.
In August 2011, claimant experienced pain in her shoulders, elbows and lower back while repeatedly lifting heavy trays as she was working on the production line [FN1]. She was absent the following day, but returned to work thereafter. She did not seek immediate medical treatment for her lower back pain. Claimant's lower back pain, however, continued to progressively [*2]worsen during the next three years until she was no longer able to perform her job duties. In May 2014, she filed an incident report with her employer indicating that she had debilitating pain in her lower back from packing products, pulling pallets, stacking trays and filling boxes. She sought medical treatment the day after filing this report and underwent physical therapy, as well as steroid injections in the months that followed.
In July 2014, she filed a claim for workers' compensation benefits based upon her lower back condition. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim and asserted, among other things, that the claim was for an accidental injury occurring in August 2011 and was time-barred by Workers' Compensation Law § 28. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for an occupational disease that was not time-barred and set May 31, 2014 as the date of disablement. On appeal, a majority of a panel of the Workers' Compensation Board, with one member dissenting, reversed this decision and ruled that the claim was for an accidental injury that was time-barred. Claimant sought mandatory full Board review, and the full Board affirmed the WCLJ's decision, concluding that the claim was for an occupational disease and was not time-barred. The carrier now appeals.
Initially, Workers' Compensation Law § 2 (15) defines an occupational disease as "a disease resulting from the nature of employment and contracted therein" (see Matter of Jones v Consolidated Edison Co. of N.Y., Inc., 130 AD3d 1106, 1106 [2015]; Matter of Aldrich v St. Joseph's Hosp., 305 AD2d 908, 909 [2003]). "To establish an occupational disease, a claimant must demonstrate a 'recognizable link' between [his or her]
. . . condition and a 'distinctive feature' of his or her work" (Matter of Ball v New Era Cap Co., Inc., 21 AD3d 618, 619 [2005], quoting Matter of Winn v Hudson Val. Equine Ctr., 215 AD2d 920, 921 [1995]; see Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 908 [2018]). Significantly, the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence (see Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [2015]; Matter of Clanton v Salon Visentin, Inc., 37 AD3d 968, 968 [2007]).
Claimant provided detailed testimony concerning the nature of the job duties that she performed over her 20 years of service, which included prolonged standing and repeated lifting, bending, twisting, pushing and pulling. She stated that she did not have any back injuries or problems when she first started working for the employer and that, even after she experienced back pain following the 2011 incident, her symptoms subsided and she continued working. She stated, however, that her symptoms gradually worsened during the years that followed until she was unable to perform any of her job duties, and she notified her employer of her condition on May 30, 2014. The neurosurgeon who examined claimant upon a referral from her primary care physician testified that claimant suffered from degenerative disc disease and that the repetitious lifting and bending that she did at work exacerbated her underlying back condition. Notably, no contrary medical evidence was presented and there is no indication that claimant obtained any remedial medical treatment for her back condition prior to June 2014.[FN2]
In view of the foregoing, the record establishes that claimant's nondisabling back condition was aggravated by the repetitive nature of her job duties, a distinctive feature of her work that she performed over the course of many years. Given that claimant was not incapacitated by the injury to her lower back that occurred during the 2011 incident and continued working thereafter, the Board could reasonably conclude that she did not sustain an accidental injury within the meaning of the Workers' Compensation Law at such time (see Matter of Currier v Manpower, Inc., of N.Y., 280 AD2d 790, 791-792 [2001]). Therefore, inasmuch as [*3]substantial evidence supports the Board's decision that claimant suffered from an occupational disease and that her claim was not time-barred, we find no reason to disturb it (see Matter of Garcia v MCI Interiors, Inc., 158 AD3d at 908; Matter of Jones v Consolidated Edison Co. of N.Y., Inc., 130 AD3d at 1107; Matter of Pulos v Asplundh Tree, 29 AD3d 1073, 1074 [2006]; Matter of Ball v New Era Cap Co., Inc., 21 AD3d at 620; compare Matter of Yonkosky v Town of Hamburg, 158 AD3d 860, 861-862 [2018]).
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant filed an incident report with her employer, as well as a workers' compensation claim that was established for injuries to her shoulders and elbows.

Footnote 2: Although she mentioned the back pain that she experienced as a result of the 2011 incident to her primary care physician during a routine physical, there is no indication that, other than having an X ray, claimant received medical treatment for this condition.