Matter of Renko v New York State Police (2020 NY Slip Op 03839)





Matter of Renko v New York State Police


2020 NY Slip Op 03839


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

529938

[*1]In the Matter of the Claim of David M. Renko, Appellant,
v
New York State Police et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Law Firm of Alex Dell PLLC, Albany (Samantha M. Holbrook of counsel), for appellant.
Tanisha Edwards, State Insurance Fund, Melville (Alisa A. Ammerman of counsel), for New York State Police and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed January 29, 2019, which ruled, among other things, that claimant's application for workers' compensation benefits was time-barred.
Claimant was employed as an auto body mechanic for the State Police. Following the September 11, 2001 terrorist attack at the World Trade Center (hereinafter WTC), claimant performed routine maintenance and cleaning at a facility in the City of Albany on police vehicles that had been deployed to, and returned contaminated with toxins from, the WTC clean-up operations. In 2014, and again in 2016, claimant filed WTC-12 forms with the Workers' Compensation Board pursuant to Workers' Compensation Law article 8-A, registering that he was a participant in the WTC clean-up operations in anticipation of later filing a claim for workers' compensation benefits.
In December 2017, claimant sought medical treatment for a prostate issue and was diagnosed with prostate cancer a month later. In March 2018, claimant filed a claim for workers' compensation benefits alleging that he developed prostate cancer as a result of his exposure to toxins while cleaning the police vehicles involved in the WTC clean-up operations. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the claim did not fall within the provisions of Workers' Compensation Law article 8-A inasmuch as the work at issue was not performed at a specified WTC site, which assessment claimant did not dispute. The WCLJ then disallowed the claim as an occupational disease finding insufficient evidence of causal relationship. Upon review, the Board, by decision filed January 29, 2019, found, among other things, that the claim does not meet the requirements of an occupational disease. The Board then treated the claim as one for accidental injury and, finding the date of accident to be September 12, 2002, ruled that the claim was time-barred as it was not filed within the two-year period set forth in Workers' Compensation Law § 28. Claimant's subsequent request for full Board review was denied. Claimant appeals from the January 29, 2019 Board decision.
In his brief, claimant confirms that he is not eligible to file a WTC claim under article 8-A of the Workers' Compensation Law. The first question presented is whether claimant sustained an occupational disease, which is "a disease resulting from the nature of employment and contracted therein" (Workers' Compensation Law § 2 [15]). In this regard, a significant distinction must be made between the nature of the work and the workplace. "[A]n occupational disease derives from the very nature of the employment, not a specific condition peculiar to the employee's place of work" (Matter of Mack v County of Rockland, 71 NY2d 1008, 1009 [1988] [internal quotation marks, emphasis and citations omitted]; see Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [2015], lv denied 25 NY3d 911 [2015]; Matter of Engler v United Parcel Serv., 1 AD3d 854, 856 [2003]). In rejecting the claim, the Board reasoned that claimant was exposed to toxins that were not a "normal attribute of [his] work." That premise misses the point that claimant's maintenance duties required him to actually clean these vehicles by removing the toxins. Claimant's exposure to the WTC toxins derived from the very nature of his work, not from an environmental condition of the workplace (see Matter of Ball v New Era Cap Co., Inc., 21 AD3d 618, 619 [2005]). As such, the Board erred in rejecting the claim on this basis.
To establish his claim, claimant was also required to "establish a recognizable link between his . . . condition and a distinctive feature of his . . . occupation through the submission of competent medical evidence" (Matter of Connolly v Covanta Energy Corp., 123 AD3d 1394, 1395 [2014] [internal quotation marks and citations omitted], lv denied 25 NY3d 910 [2015]). We are mindful that the WCLJ rejected the occupational disease claim, finding insufficient medical evidence of a causal relationship. The Board, however, modified that determination by substituting its own analysis. In doing so, the Board observed that "claimant's doctors allege that claimant's prostate cancer was a result of exposure to toxins from the [WTC]." The Board also noted that the consultant for the workers' compensation carrier "indicated that any significant exposure to [WTC] dust could increase the likelihood of prostate cancer and that, as such, there was a causal relationship." That said, the Board did not make a determination as to causal relationship and, therefore, the claim must be remitted to the Board for further proceedings in this regard. Finally, it bears emphasis that, insofar as the claim is based on an occupational disease, it was timely (see Workers' Compensation Law § 28). Having so concluded, we need not reach the issue of accidental injury.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.