Matter of Valdez v Delta Airlines, Inc. (2021 NY Slip Op 04942)





Matter of Valdez v Delta Airlines, Inc.


2021 NY Slip Op 04942


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

532498
[*1]In the Matter of the Claim of Lynda M. Valdez, Respondent,
v
Delta Airlines, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Cipriani & Werner, PC, Iselin, New Jersey (Marc Neuman of counsel), for appellants.
Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for Lynda M. Valdez, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed May 7, 2020, which ruled, among other things, that claimant sustained a causally-related occupational disease and set a date of disablement.
Claimant, a flight attendant, filed a workers' compensation claim in 2019 after her doctors became suspicious that her skin, respiratory and other physical problems were connected to the work uniform she had begun wearing in 2018. After considering the medical evidence and hearing testimony, a Workers' Compensation Law Judge issued a decision in which he determined that claimant had suffered a work-related injury and established the claim for contact dermatitis, reactive airway disease and lymphadenopathy. The Workers' Compensation Board agreed upon administrative review, but exercised its continuing jurisdiction under Workers' Compensation Law § 123 to modify the decision and establish the claim for an occupational disease with a date of disablement of May 1, 2019. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.
We affirm. To show "that a condition is compensable as an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Connolly v Covanta Energy Corp., 123 AD3d 1394, 1395 [2014] [internal quotation marks, brackets and citation omitted], lv denied 25 NY3d 910 [2015]; accord Matter of Renko v New York State Police, 185 AD3d 1198, 1200 [2020]). As the carrier points out, claimant was allergic to a chemical used in dyes and suffered from contact dermatitis before she began wearing the uniform, and there is no indication that the chemical in question was present in the uniform.[FN1] The Board nevertheless credited claimant's testimony that her symptoms worsened after she began wearing the uniform and eased somewhat when she switched to an alternate uniform on medical advice. The Board further credited the opinion of her occupational physician that, in view of the timing of claimant's symptoms, her known chemical sensitivity, her continuing environmental exposure to the chemicals in the uniform given that her coworkers still wore it, and the fact that a number of her coworkers had similar reactions to wearing it, there was a causal link between claimant's health problems and her exposure to the chemically treated textiles in the uniform. As a review of the occupational physician's testimony makes it "apparent that [he] meant to signify a probability as to the requisite causal connection, and that [his] opinion is supported by a rational basis," the Board was free to do so (Matter of Estate of Matusko v Kennedy Valve Mfg. Co., 296 AD2d 726, 727 [2002], lv denied 99 NY2d 504 [2002]; see Matter of Estate of Harris v General Elec. Co., 115 AD3d 1133, 1134 [2014]; Matter of Van Patten v Quandt's Wholesale Distribs., 198 AD2d [*2]539, 539 [1993]). Thus, according deference to the Board's assessments of credibility, substantial evidence in the record supports its decision despite the presence of proof that could support a different result (see Matter of Hansen v Saks Fifth Ave., 145 AD3d 1257, 1258 [2016]; Matter of Estate of Harris v General Elec. Co., 115 AD3d at 1134).
Garry, P.J., Egan Jr., Clark and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Notably, a toxicology report provided by the carrier indicated that the uniform was not tested for this chemical, as it was more commonly used as a hair dye and was "not expected to be present."