■ In the Matter of the Claim of ROBERT MELLIS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [779 NYS2d 857]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed May 23, 2003, which, inter alia, denied his claim for workers' compensation benefits.

Claimant, a correction officer, tested positive for hepatitis C in March 1998 while being treated for a lacerated finger following an altercation with an inmate. Claimant continued working until April 2001 and, one month later, filed a claim for workers' compensation benefits. The matter proceeded to a hearing, at which two of claimant's treating physicians appeared and testified. At the conclusion thereof, a Workers' Compensation Law Judge ruled that claimant's hepatitis C qualified as an oc-

cupational disease. The workers' compensation carrier appealed and a panel of the Workers' Compensation Board reversed, finding that claimant's claim for a work-related accident was time-barred by Workers' Compensation Law § 28 and, further, that his claim for an occupational disease was not established by competent medical evidence. This appeal by claimant ensued.

We affirm. Preliminarily, although the carrier's failure to timely file its notice of controversy indeed barred it from pleading that claimant's injury did not arise out of and in the course of his employment (*see* Workers' Compensation Law § 25 [2] [b]), claimant nonetheless had to demonstrate, in the first instance, a causal relationship between his hepatitis C and his employment as a correction officer. Specifically, in order to establish that his hepatitis C was compensable as an occupational disease, claimant was required to "establish a 'recognizable link' between his condition and a distinctive feature of his occupation" (*Matter of Engler v United Parcel Serv.*, 1 AD3d 854, 855 [2003], quoting *Matter of Bates v Marine Midland Bank*, 256 AD2d 948, 949 [1998]; *see Matter of Currier v Manpower, Inc. of N.Y.*, 280 AD2d 790, 791 [2001]) through the submission of competent medical evidence (*see Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876, 877 [2002]). This claimant failed to do.

The first physician to testify upon claimant's behalf, C.F. Sullivan, stated that he was unable to pinpoint the source of claimant's exposure to hepatitis C. Sullivan did, however, opine that the lacerated finger that claimant sustained during an altercation with an inmate in March 1998 could not have been the source of the infection given the six to eight-month incubation period for hepatitis C. Nor could Robert Armstrong, another of claimant's treating physicians, offer an opinion as to the origin of claimant's infection. In this regard, Armstrong identified claimant's risk factors for exposure as the lacerated finger sustained in March 1998, as well as claimant's sexual contacts with prostitutes while in the military. Inasmuch as claimant was tested for hepatitis C only once, Armstrong could not differentiate between claimant's identified risk factors and determine which exposure was the source of his infection. Although Michael Lax, who evaluated claimant in August 2001 and January 2002, was of the view that claimant most likely contracted hepatitis C through exposures occurring during the course of his employment as a correction officer, Lax based his opinion, in part, upon claimant's denial of exposure to infected bodily fluids via sexual contact. Under such circumstances, we cannot say that the Board panel erred in weighing the medical

proof and concluding that claimant had failed to establish a recognizable link between his hepatitis C and his employment as a correction officer. Claimant's remaining contentions, including his assertion that he was denied due process, have been examined and found to be lacking in merit.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.