■ In the Matter of the Claim of Frank Engler, Respondent, v United Parcel Service et al., Appellants. Workers' Compensation Board, Respondent. [792 NYS2d 215]—

Spain, J. Appeal from an amended decision of the Workers' Compensation Board, filed April 12, 2004, which ruled, inter alia, that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant began working as a delivery driver for United Parcel Service (hereinafter the employer) in 1983. In 2001, he filed a claim for workers' compensation benefits alleging that he developed interstitial pulmonary fibrosis as the result of his exposure to dust particles and other airborne irritants during the course of his employment. Following several hearings, a Workers' Compensation Law Judge found, among other things, that claimant sustained a causally related occupational disease and was permanently partially disabled.

The Workers' Compensation Board thereafter affirmed, and the employer and its workers' compensation carrier appealed to this Court. We reversed the decision of the Board on the ground that claimant's lung condition was not assignable to a distinctive feature of his job but rather to the specific environment in which he worked and, therefore, did not qualify as an occupational disease (1 AD3d 854 [2003]). Inasmuch as claimant also claimed accidental injury, we then remitted the matter to the Board to consider this issue (*id.* at 856). In an amended decision, the Board thereafter ruled, among other things, that claimant sustained an accidental injury arising from his regular exposure to certain airborne irritants during the course of his employment. The employer and carrier now appeal.

We affirm. Because claimant's alleged injury developed gradually over time rather than suddenly from the application of some outside force, he was required to show that his condition arose from unusual environmental factors or events attributable to something extraordinary (*see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 138 [1994]; *Matter of Carlson-Fanelli v St. Luke's Mem. Hosp. Ctr.*, 12 AD3d 873, 874 [2004]; *Matter of Harrington v Whitford Co.*, 302 AD2d 645, 647 [2003]). Claimant testified that the delivery vehicle he operated was a large brown aluminum truck with openings on each side that created a "vacuum" effect by sucking in the dirt and debris from the roads and blowing it around inside the vehicle. Claimant noticed accumulations of dust inside the truck that he had to blow off of the packages, as well as styrofoam and other debris that had been released from the packages by the draft. On days when claimant made deliveries on country roads or to businesses that had dusty work areas, including furniture manufacturers and sheet metal plants, his face and body would be more grimy and he noticed dust when he blew his nose. During several of these runs in particular, the person who claimant approached to sign off on the delivery was wearing a face mask.

The medical opinions of several doctors who evaluated claimant's condition confirmed that his injury was consistent with an exposure to mixed dust. Zia Shah, claimant's treating physician and board-certified pulmonary specialist, testified that X rays and scans of claimant's chest revealed interstitial lung disease that was likely caused by claimant's prolonged exposure to certain allergens at work that provoked an inflammatory response in his lungs. Notably, a biopsy of claimant's right lung that was read by two different pathologists revealed iron stains, dust and metal particles, as well as coal pigments which were secondary to mixed dust exposure. Following a course of medication and avoidance of further exposure to airborne irritants at work, Shah noted that claimant's condition improved significantly.

Despite the existence of other evidence in the record that may support a contrary result, we are satisfied that the Board's decision is supported by substantial evidence (*see Matter of Parsons-Zieba v Cornell Univ.*, 2 AD3d 1044, 1045 [2003]; *Matter of Abdallah v New York City Dept. of Transp.*, 279 AD2d 723, 724 [2001]; *Matter of Rich v Pace Univ.*, 269 AD2d 718, 719 [2000]; *Matter of Baxter v Bristol Myers*, 251 AD2d 753, 754 [1998]; *Matter of Kozlowski v Howard Sober, Inc.*, 234 AD2d 725, 726 [1996]). Moreover, inasmuch as the employer and its carrier

agreed that there was no need to further develop the record following this Court's decision, we find no procedural infirmity in the Board's decision to issue a ruling rather than assign the case to the Workers' Compensation Law Judge who originally presided over it (*see* Workers' Compensation Law § 142 [1]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the amended decision is affirmed, with costs to claimant.