In the Matter of the Claim of JAMES P. LUMIA, Appellant, v CITY OF NEW YORK, OFFICE OF QUEENS BOROUGH PRESIDENT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [799 NYS2d 644]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed April 15, 2002, as amended by decisions filed February 12, 2004 and May 4, 2004, which ruled that claimant did not sustain a causally related occupational disease and denied his claim for workers' compensation benefits.

Claimant was employed as a community assistant with the Queens Borough President's office. He had the responsibility to, among other things, deliver packages, move furniture, lift boxes and set up for meetings. In November 1996, after approximately eight years in this position, he began to experience back pain. Claimant went to his physician, Santo Basileo, who, after a second visit, ordered an MRI. It revealed herniated and bulging discs, warranting Basileo to recommend that claimant be placed on light duty. Claimant was thereafter examined by the employer's physician who confirmed Basileo's diagnosis; neither physician identified the injury as being work-related and claimant could not recall any specific incident that could have caused his injury.

Claimant remained on light duty until June 1997, when he was placed on permanent disability. In October 1998, he sought workers' compensation benefits by claiming that his back injury was due to his repetitive lifting of heavy cartons, tables and chairs in connection with his employment. By letter dated November 1999, issued for the purpose of the workers' compensation claim, Basileo concluded, for the first time since his care of claimant in 1996, that claimant's current back condition was caused by his employment.

At a hearing held on February 28, 2000 before a Workers' Compensation Law Judge (hereinafter WCLJ), claimant and his supervisor testified. At the close of proof, the WCLJ found that claimant failed to present credible prima facie medical evidence of an occupational disease due to a lack of causative proof. The WCLJ adjourned the hearing to allow claimant to submit

Basileo's medical records regarding claimant's care from 1996 to determine whether there was any indication that claimant's injuries were work-related. After a second hearing held in June 2001, the WCLJ found that even though Basileo's 1999 letter was prima facie medical evidence of an occupational disease, the claim had to be dismissed due to a lack of causative proof. This decision was affirmed by the Workers' Compensation Board on April 15, 2002.[1] Claimant appeals.[2]

We affirm. Claimant failed to present competent medical evidence establishing "a 'recognizable link' between his condition and a distinctive feature of his occupation" (*Matter of Bates v Marine Midland Bank*, 256 AD2d 948, 949 [1998]; *see Matter of Palmer v State Univ. of N.Y. Upstate Med. Univ.*, 14 AD3d 737, 738 [2005]; *Matter of Mellis v New York State Dept. of Corrections*, 9 AD3d 766, 767 [2004]). The only medical evidence linking claimant's condition to his employment was Basileo's 1999 letter, despite his long-term treatment of claimant for this particular condition. In light of the lapse between the initial complaint and the three years that it took before Basileo classified claimant's injury as work-related, it was well within the Board's discretion to reject this letter as lacking credibility (*see Matter of Feeney v Island Cable Constr.*, 6 AD3d 927, 928 [2004]). Moreover, with claimant further failing to demonstrate that his injuries were linked to a distinctive feature of his employment, substantial evidence supports the determination rendered.

In so finding, we reject claimant's contention that even in the absence of contrary proof, Workers' Compensation Law § 21 (5) required the Board to conclude that his belated medical evidence was prima facie proof of a compensable disability. While we agree that the presumption detailed in Workers' Compensation Law § 21 (5) survives, it does not undermine the Board's ability to assess the evidence and determine the weight that it should be accorded (*see Matter of Nappi v Bell Atl. Corp./ NYNEX*, 284 AD2d 877, 879 [2001]). Nor do we find that the employer's failure to file a timely notice of controversy (*see* Workers' Compensation Law § 25 [2] [b]) relieved claimant from his burden to demonstrate a causal relationship (*see Matter of Mellis v New York State Dept. of Corrections, supra* at 767). Finally, even though the claim of accidental injury was never

---

1. Claimant requested reconsideration, which resulted in an amended decision confirming the finding that claimant failed to demonstrate that his back condition was an occupational disease that arose from his employment. This determination was unchanged by a second amended decision.

2. Claimant's failure to appeal from the two amended decisions is no bar to our consideration of this claim (*see Matter of Chalcoff v Project One*, 12 AD3d 872, 872 [2004]).

presented to the Board and, therefore, not preserved for our review (*see Matter of Pegoraro v Tessy Plastics Corp.*, 287 AD2d 909, 911 [2001], *lv dismissed and denied* 98 NY2d 669 [2002]), had we considered it, we would still have found that claimant did not demonstrate that "his condition arose from unusual environmental factors or events attributable to something extraordinary" (*Matter of Engler v United Parcel Serv.*, 16 AD3d 969, 970 [2005]).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.