■ In the Matter of the Claim of YVETTE ADAMS, Respondent, v UNIVERA HEALTH CARE/EXCELLUS, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [807 NYS2d 749]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed November 22, 2004, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant worked as a patient service representative for the employer but had to stop working due to severe coughing episodes, apparently brought on by exposure to environmental irritants. Claimant filed a claim for workers' compensation benefits and, following development of the record with regard to the issue of causality, a workers' compensation law judge found that claimant sustained an accidental work-related injury. Upon review, the Workers' Compensation Board affirmed, finding that poor air quality in the building in which claimant worked aggravated her preexisting chronic allergies and caused a disability that did not previously exist. The employer appeals.

The employer argues that, inasmuch as the record does not contain any evidence of an identifiable allergen present in the workplace causing claimant's symptoms, the Board's determination is not supported by substantial evidence. We agree. To establish an accidental work-related condition, claimant was required to demonstrate by competent medical evidence that her condition resulted from " 'unusual environmental conditions or events assignable to something extraordinary' " at her workplace (*Matter of Harrington v Whitford Co.*, 302 AD2d 645, 647 [2003], quoting *Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 138 [1994]). While an air quality test of the workplace revealed the presence of certain impurities, claimant's physicians testified that she was not allergic to these substances. Moreover, despite their assumptions that claimant is allergic to something in the workplace, none of the medical experts was able to identify a specific allergen present in the workplace which caused her condition, and they admitted that claimant has a prior history of allergies to, among other things, mold, trees, grass and cats, she continues to have a cough despite being out of work and she is most likely allergic to all enclosed buildings with ventilation systems and forced air heating. Given the foregoing, there is not substantial evidence that claimant's condition is causally related to the workplace (*see Matter of Marks v County of Tompkins*, 274 AD2d 764, 764 [2000]; *Matter of Nicholson v Mohawk Val. Community Coll.*,

274 AD2d 677, 678 [2000]; *compare Matter of Carlson-Fanelli v St. Luke's Mem. Hosp. Ctr.,* 12 AD3d 873, 875 [2004], *lv dismissed* 5 NY3d 746 [2005]; *Matter of Harrington v Whitford Co., supra* at 645-647; *Matter of Rich v Pace Univ.,* 269 AD2d 718, 718-719 [2000]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.