■ In the Matter of the Claim of JOHN KEENAN, Appellant, v PINNACLE ENTERPRISES, LTD., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [830 NYS2d 373]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed August 17, 2005, which ruled that claimant did not sustain a causally related occupational disease and denied his claim for workers' compensation benefits.

Claimant, a laborer, ceased working for his employer of two years in May 2002 when he began experiencing back pain. One month later, he submitted an application for disability benefits in which he averred that his disability was due to a disc herniation that occurred at home while he was coughing, and his chiropractor indicated that his disability was not an occupational disease arising out of and in the course of his employment. As a result of that application, claimant was awarded disability benefits for the time period between May 29, 2002 and December 3, 2002. Notwithstanding such award, claimant submitted a claim for workers' compensation benefits in November 2002, maintaining that his back injury was an occupational disease caused by the "constant bending, stooping and heavy lifting" associated with his job.

Following a hearing, during which only claimant and his employer offered testimony, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant's back injury was work related and established his claim. Upon review,

the Workers' Compensation Board rescinded the decision of the WCLJ and directed that the case be restored to the trial calendar for development of the record on the issue of causal relationship, with claimant to produce "medical evidence relating to his disability claim, as well as any prior medical treatment for [his] back." Upon consideration of the medical opinions subsequently provided by physicians for both claimant and the employer, a WCLJ concluded that the record lacked evidence to support a finding of occupational disease, notice or causal relationship, and disallowed the claim. That decision was affirmed by the Board, prompting this appeal by claimant.

We affirm. Despite his initial denials, a review of the record reveals that claimant had previously been treated for back pain. When questioned about the MRI he had undergone in 1997, claimant admitted that he suffered a herniated disc, but maintained that "it [was] not the same disc as now." In contrast, the carrier's medical expert, who reviewed claimant's MRIs from both 1997 and 2002, opined that claimant's May 2002 back ailment "was an aggravation of a preexisting condition, which does not appear to have been due to a specific work-related incident in May of 200[2]."* Furthermore, although afforded the opportunity to produce medical evidence supporting his contention that his present injury was not related to his prior condition, claimant was unable to recall the name of his treating physician in 1997 and did not present the Board with the medical records relating to his disability claim. When confronted with the lack of such evidence, the Board was within its province to accept the opinion of the carrier's medical expert (*compare Matter of Currier v Manpower, Inc., of N.Y.*, 280 AD2d 790, 791 [2001]) and arrive at the conclusion that claimant had failed to evince a recognizable link between his employment and his injury. As such, we decline to disturb the Board's decision (*see Matter of Lumia v City of N.Y., Off. of Queens Borough President*, 21 AD3d 600, 601 [2005]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Although the medical report in the record states "May 2003," the physician, in his deposition testimony, confirms that he meant to write May 2002.