■ In the Matter of the Claim of Richard Barcomb, Appellant, v Delphi Automotive et al., Respondents. Workers' Compensation Board, Respondent. [839 NYS2d 358]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed June 8, 2006, which ruled that claimant failed to establish either an occupational disease or an accidental injury and denied his claim for workers' compensation benefits.

Claimant began working as an assembler for the employer in September 1999. Beginning in January 2004, claimant experienced periodic swelling around his eyes and other portions of his face, breathing difficulties, hives and other related symptoms and ultimately was diagnosed with angioedema and asthma. Claimant's treating physicians concluded that the foregoing symptoms were caused by an allergic reaction to an airborne, work-related allergen, a diagnosis that was largely confirmed by two independent medical examinations ordered by the self-insured employer. None of the physicians who examined claimant, however, was able to identify the specific allergen responsible for his difficulties. Claimant was taken out of work in October 2004, returned to work with a full-face respirator in February 2005 and ceased working entirely in May 2005.

Claimant applied for workers' compensation benefits in November 2005 and, following fact-finding hearings, a Workers' Compensation Law Judge determined that claimant had "an occupational disease for occupationally related asthma and angioedema" and awarded claimant benefits. Upon administrative review, a panel of the Workers' Compensation Board reversed, finding that because claimant failed to identify the specific allergen in his workplace that was responsible for his allergic reactions, there was insufficient evidence to conclude that his condition was causally related to his employment. Accordingly, the Board ruled that claimant failed to establish either an occupational disease or an accidental injury and disallowed his claim. This appeal by claimant ensued.

Upon review of the underlying decision, it appears that the Board misinterpreted our recent holding in *Matter of Adams v Univera Health Care/Excellus* (26 AD3d 587 [2006]) and, in so doing, placed undue emphasis upon claimant's failure to identify the particular allergen responsible for his symptoms. Simply put, our decision in *Adams* does not stand for the proposition that a claimant's failure to identify the specific allergen or contaminant responsible for his or her ailments is fatal to the

underlying claim. Indeed, we acknowledged that very point in our subsequent decision in *Matter of Lopez v Superflex, Ltd.* (31 AD3d 914 [2006]). Rather, *Adams* merely reiterates the well-settled proposition that a claimant must establish a causal connection between his or her symptoms and the workplace. And while we have upheld the denial of benefits where, as here, the claimant was unable to identify the specific allergen responsible for the underlying medical condition (*see e.g. Matter of Marks v County of Tompkins*, 274 AD2d 764 [2000]; *Matter of Nicholson v Mohawk Val. Community Coll.*, 274 AD2d 677 [2000]; *Matter of Knapp v Vestal Cent. School Dist.*, 247 AD2d 667 [1998]), in each of the cited cases, the claimant either had a substantial history of other allergies, regularly displayed the offending symptoms outside of the workplace or adduced no evidence of allergens or contaminants at the workplace. Hence, the denial of benefits turned upon an overall lack of causation, not simply the failure to identify the harmful or allergenic substance alleged to be the source of the problem.

While we reach no conclusion as to whether claimant's angioedema and asthma were causally related to his employment or whether he sufficiently established an occupational disease or an accidental injury, we find that the weight the Board accorded claimant's failure to identify the particular allergen(s) responsible for his symptoms/reactions to have constituted an improper application of our case law. Accordingly, we reverse and remit this matter to the Board for further consideration of the evidence contained in the record.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.