■ In the Matter of the Claim of ELVIS L. HERNANDEZ, Appellant, v VOGEL'S COLLISION SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [851 NYS2d 287]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed April 14, 2006, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant was hired by the employer in July 2002 to perform automobile restoration. On November 8, 2002, claimant left work and informed the employer several weeks later that he had been suffering from neck pain, related to a fall he had taken in 1988, and that he could not return to work at that time. In 2003, claimant, who was still out of work, was diagnosed with bilateral carpel tunnel syndrome and had corrective surgery to both arms. In August 2004, claimant filed a claim for workers' compensation benefits, claiming the bilateral carpel tunnel syndrome was causally related to his work with the employer. Following hearings, a Workers' Compensation Law Judge disallowed the claim, finding claimant's testimony and other evidence he presented to be incredible and therefore insufficient to establish a causally related injury. Thereafter, the Workers' Compensation Board upheld the decision, prompting this appeal.

We affirm. The Board's assessment of witness credibility and resolution of conflicting evidence is accorded great deference (see Matter of Atkinson v Joseph Baldwin Constr., 43 AD3d 1240, 1242 [2007]; Matter of Gropper v GPA Mech., 35 AD3d 947, 948 [2006]). Here, the Board found claimant's testimony to be incredible, based in part upon his claim that he had never performed auto restoration prior to working for the employer, which was contradicted by several witnesses, including claimant's brother, who testified that claimant ran his own automobile restoration business and performed the work himself

in the years prior to his joining the employer. Furthermore, conflicting evidence was presented concerning causation, and the only medical evidence supporting causation was the testimony of claimant's treating physician, who testified that he did not begin treating claimant until 2004 and that he based his finding of causation solely on claimant's history, as related to him by claimant. Based on our review of the record, we find that substantial evidence supports the Board's decision dismissing the claim for lack of evidence of causation and, accordingly, it will not be disturbed (*see Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005]).

Further, although claimant's brief also references issues apparently related to Board decisions dated May 3, 2006, June 2, 2006 and November 30, 2006, as no notices of appeal were timely filed on those decisions, the matters are not properly before us (*see* Workers' Compensation Law § 23).

Peters, J.P., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.