■ In the Matter of the Claim of YERMIHUE MAZAYOFF, Appellant, v A.C.V.L. COMPANIES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 227]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed January 31, 2007, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant worked for approximately two years as a security guard—first at an apartment building and then at a parking lot. He alleged that at some point during his employment he began to suffer from bronchial asthma and blamed this condition on his continued exposure to car fumes and extreme temperatures while he worked patrolling the areas outside the apartment building and the parking lot. Claimant applied for workers' compensation benefits and the Workers' Compensation Board ultimately denied his claim, finding that claimant had failed to establish that he sustained a work-related accidental injury or occupational disease. Claimant appeals.

We affirm. It is axiomatic that a decision denying workers' compensation benefits will not be disturbed if it is based upon substantial evidence (*see Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 862 [2008]). To establish an accidental work-related condition that developed over time, rather than from a sudden event, claimant was required to demonstrate by competent medical evidence that his condition resulted from " 'unusual environmental conditions or events assignable to something extraordinary' " at his workplace (*Matter of Harrington v Whitford Co.*, 302 AD2d 645, 647 [2003], quoting *Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129,138 [1994]; *see Matter of Engler v United Parcel Serv.*, 16 AD3d 969, 970 [2005], *lv denied* 5 NY3d 705 [2005]). The Board concluded that claimant's periodic exposure to extreme weather conditions and car fumes, during the limited periods of time when he was required to work outside, did not constitute proof of the existence of either unusual environmental or extraordinary conditions or events that served as a basis for an accidental work-related injury (*see Matter of Harrington v Whitford Co.*, 302 AD2d at 647). The Board also concluded that

there was no recognizable link between his condition and a distinctive feature of his employment as to establish an occupational disease (*see Matter of Clanton v Salon Visentin, Inc.*, 37 AD3d 968, 968 [2007]; *Matter of Bates v Marine Midland Bank*, 256 AD2d 948, 949 [1998]).

The Board based this finding on testimony given at the hearing by two medical professionals who, in effect, concluded that it could not be determined with medical certainty that claimant's asthmatic condition was caused by conditions existing at the workplace (*see Matter of Adams v Univera Health Care/Excellus*, 26 AD3d 587, 588 [2006]; *Matter of Marks v County of Tompkins*, 274 AD2d 764, 764 [2000]; *Matter of Nicholson v Mohawk Val. Community Coll.*, 274 AD2d 677, 678 [2000]). One of these physicians, Alan Schecter, was a pulmonologist who reported that he was unable to conclude with "any degree of medical certainty that [claimant's] asthma was caused by his work environment." While acknowledging that claimant's asthma could have been exacerbated by the conditions that he was routinely exposed to at the workplace, Schecter stated that this would not explain why claimant continued to exhibit these same symptoms when he was outside the work environment. Schecter's opinion was corroborated by the testimony of the workers' compensation carrier's consulting physician, Jonathan Sumner, who stated that while cold air and exertion can induce an asthmatic attack, it cannot be the cause of bronchial asthma. While Sumner found that claimant suffered from chronic vasomotor rhinitis, obstructed sleep apnea, interstitial pulmonary disease of unknown etiology, and mild to moderate asthmatic bronchitis, he was of the opinion that claimant's obesity aggravated his ongoing respiratory conditions and that his work environment was not the cause of the underlying bronchial asthma. This medical testimony constitutes substantial evidence supporting the Board's determination that claimant's condition was not causally related to his work environment.

Although claimant offered conflicting medical evidence suggesting a causal relationship between claimant's work and his development of chronic bronchial asthma, the Board was free to discard the medical evidence that it found unconvincing (*see Matter of Ferraina v Ontario Honda*, 32 AD3d 643, 644 [2006]; *Matter of Valentin v THB Intermediaries Corp.*, 10 AD3d 826, 828 [2004]; *Matter of Sohmer v Arben Constr. Co.*, 1 AD3d 727, 728 [2003]). Moreover, the Board's resolution of conflicting medical testimony, particularly on the issue of causation, should be granted deference by this Court (*see Matter of Hernandez v*

*Vogel's Collision Serv.*, 48 AD3d at 861; *Matter of Curatolo v Sofia Fabulous Pizza*, 41 AD3d 1049, 1051 [2007]; *Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.