■ In the Matter of the Claim of Jennifer Duncan, Respondent. v John Wiley & Sons, Inc., et al., Appellants. Workers' Compensation Board, Respondent. [864 NYS2d 210]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed June 5, 2007, which ruled, among other things, that claimant sustained a causally related injury and awarded workers' compensation benefits.

Claimant, a computer programmer, began suffering from various symptoms, including headaches, nausea, insomnia and confusion, during the summer of 2000. These symptoms coincided with renovation work being done at her workplace. She stopped working on August 31, 2000 and, other than for one day in September 2000, she never returned to work. In 2002, claimant applied for workers' compensation benefits, citing, among other conditions, multiple chemical sensitivity caused by prolonged exposure to noxious fumes related to carpet installation and painting at her workplace. A Workers' Compensation Law Judge determined that claimant had sustained an accidental injury in the course of her employment and awarded her benefits. On review, the Workers' Compensation Board affirmed, prompting this appeal.

We affirm. While an accidental injury must arise from "unusual environmental conditions or events assignable to something extraordinary" (*Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020, 1020 [1997], *lv denied* 91 NY2d 807 [1998]; *accord Matter of Carlson-Fanelli v St. Luke's Mem. Hosp. Ctr.*, 12 AD3d 873, 874 [2004], *lv dismissed* 5 NY3d 746 [2005]), it "need not result suddenly or from the immediate application of some external force but may accrue gradually over a reasonably definite period of time" (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 136 [1994]; *see Matter of Engler v United Parcel Serv.*, 16 AD3d 969, 970 [2005], *lv denied* 5 NY3d 705 [2005]). Furthermore, "where causally related injuries from a claimant's employment precipitate, aggravate or accelerate a preexisting infirmity or disease, the resulting disability is compensable" (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d at 138). Although the employer contends that claimant's failure to identify the specific chemical present in the workplace that caused her symptoms is grounds for disallowance of the claim, such a failure is not fatal to her claim, provided she can establish a causal relationship between her symptoms and her

employment (*see Matter of Barcomb v Delphi Automotive*, 42 AD3d 809, 810-811 [2007]).

Here, Kamau Kokayi and Aboaba Afilaka, claimant's medical experts, diagnosed claimant as suffering from multiple chemical sensitivity, brought on by her exposure to noxious fumes from various chemicals related to the renovations performed at her workplace from June 2000 to August 2000. The employer's expert testified that his examination of claimant revealed no physical or neurological disorder and he believed her condition to be psychological. He also testified that he did not believe that multiple chemical sensitivity was a diagnosis that was accepted by the medical community and that he had never treated a patient alleging this condition. According proper deference to the Board's resolution of conflicting medical evidence and evaluation of witness credibility, we find the Board's conclusion to be supported by substantial evidence and decline to disturb it (*see Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1344-1345 [2008]; *Matter of Pearson v Bestcare*, 48 AD3d 862, 863 [2008], *lv denied* 10 NY3d 715 [2008]; *Matter of Cullen v City of White Plains*, 45 AD3d 1167, 1168 [2007]). The employer's remaining contentions, to the extent not addressed herein, have been considered and found to be lacking in merit.

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.