In the Matter of BARIZA LAIB, Respondent, v STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [955 NYS2d 700]—

Lahtinen, J.

We affirm. ''While an accidental injury must arise from unusual environmental conditions or events assignable to something extraordinary, it need not result suddenly or from

the immediate application of some external force but may accrue gradually over a reasonably definite period of time" (*Matter of Duncan v John Wiley & Sons, Inc.*, 54 AD3d 1124, 1125 [2008] [internal quotation marks and citations omitted]; *see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 136 [1994]). Here, we reject the employer's contention that the record lacks proof of an unusual or extraordinary condition or event that could cause claimant's accidental injury. In our view, being forced to negotiate heavy metal and glass doors connected to a tight spring in order to gain access to or leave your office building is "not the 'natural[ ] and unavoidabl[e]' result of employment" as an office worker (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d at 137, quoting Workers' Compensation Law § 2 [7]). Contrary to the employer's argument, we do not agree that the testimony of claimant regarding her struggles with the door was contradicted, as a matter of law, by the testimony of claimant's supervisor and the employer's investigator to the effect that they had no problems in operating the subject doors.* As it stands, we find that the Board's decision is supported by substantial evidence, regardless of the existence of proof that could support a contrary result (*see Matter of Engler v United Parcel Serv.*, 16 AD3d 969, 970 [2005], *lv denied* 5 NY3d 705 [2005]).

The employer's remaining contentions have been considered and found to be unpersuasive.

Peters, P.J., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The investigator testified that he watched random people exiting and entering the building for 15-20 minutes and did not notice anyone having difficulties with the door. The Board did not find this proof helpful, however, noting that the investigator "did not make any distinction regarding the size of the people he observed opening the doors and did not observe the claimant [herself] opening the doors."