Stein, J.
Appeal from a decision of the Workers’ Compensation Board, filed December 28, 2011, which, among other things, ruled that claimant sustained a work-related occupational disease and awarded workers’ compensation benefits.
*1243 After working for the employer — a plant that produces corn, potato and grain-based snacks — for approximately 12 years, claimant stopped working in March 2010 because he was experiencing acute respiratory problems that he claimed were caused by workplace exposure to, among other things, a variety of chemicals and seasonings. Claimant testified that, in addition to being exposed to seasoning dust released into the air, his sanitation and cleaning duties required him to work with cleaning compounds, acids and foaming agents that created hazardous fumes. Claimant eventually sought medical treatment for his worsening symptoms of coughing and shortness of breath and was diagnosed with the pulmonary condition of chronic hypersensitivity pneumonitis. After he ceased working, claimant’s condition improved. The employer controverted his application for workers’ compensation benefits, but a Workers’ Compensation Law Judge found that claimant suffers from a causally-related occupational illness and awarded benefits. The Workers’ Compensation Board upheld these findings, prompting this appeal by the employer and its workers’ compensation carrier (hereinafter collectively referred to as the employer).
We affirm. In order to demonstrate that his pulmonary condition was compensable as an occupational disease, “claimant was required to establish a recognizable link between his condition and a distinctive feature of his occupation . . . through the submission of competent medical evidence” (Matter of Mellis v New York State Dept. of Corrections, 9 AD3d 766, 767 [2004] [internal quotation marks and citations omitted]; see Matter of Barcomb v Delphi Automotive, 42 AD3d 809, 811 [2007]). Here, the Board specifically credited the medical evidence from claimant’s physician, Michael Chisdak, a board-certified pulmonologist, who testified with a reasonable degree of medical certainty that the “most probable cause” of claimant’s condition was his prolonged workplace exposure to chemicals and seasonings (see generally Matter of Lopez v Superflex, Ltd., 31 AD3d 914, 915 [2006]; Matter of Castiglione v Mechanical Tech., 227 AD2d 865, 866-867 [1996]). Although the employer’s expert did not rule out a possible workplace cause, he recommended further testing to attempt to determine the exact cause and definitively rule out all other possible sources. Chisdak testified, however, that further testing would be of limited value because existing medical tests are not precise enough to identify the *1244 exact substance causing his condition.* Significantly, the Board found reasonable Chisdak’s scepticism of a possible non-work-related cause for the condition given the “overwhelming evidence that claimant regularly worked with and inhaled hazardous substances known to cause acute and chronic lung and upper respiratory health effects” and, further, proof that “claimant’s condition waxed and waned depending upon the amount of time he spent at work.” Notably, this Court has previously ruled that a “claimant’s failure to identify the specific allergen or contaminant responsible for his or her ailments is [not] fatal to the underlying claim” (Matter of Barcomb v Delphi Automotive, 42 AD3d at 810-811). Thus, “[according proper deference to the Board’s resolution of conflicting medical evidence and evaluation of witness credibility, we find the Board’s conclusion to be supported by substantial evidence and decline to disturb it” (Matter of Duncan v John Wiley & Sons, Inc., 54 AD3d 1124, 1126 [2008]).
The employer’s remaining contentions, to the extent not addressed herein, have been considered and found to be unpersuasive.
Peters, EJ., Lahtinen and Egan Jr., JJ, concur. Ordered that the decision is affirmed, without costs.

 The employer’s expert also acknowledged that testing is not always precise or accurate and that it is “sometimes impossible to identify the precise agent or agents that have precipitated this disease.”