Egan Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed June 7, 2013, which ruled that claimant sustained a causally related occupational disease and awarded workers’ compensation benefits.
For approximately 23 years, claimant worked at a garbage recycling and energy production facility in the Village of Westbury, Nassau County owned and operated by Covanta Energy Corporation. During this time, he worked as a maintenance mechanic, as well as a maintenance planner, and frequented all areas of the plant, including the boiler house where the garbage was burned and the cooling tower where water was circulated to cool the equipment. In December 2010, claimant coughed up blood and, following a lung biopsy in March 2011, he was diagnosed with allergic bronchopulmonary aspergillosis. This condition developed as a result of claimant’s exposure to the aspergillus fungus, a type of mold.[1] Claimant filed an application for workers’ compensation benefits claiming that he sustained an occupational disease by his inhalation of fungus and mold at work. Covanta controverted the claim upon the ground that, among other things, claimant had not produced medical evidence of a causal relationship between his condition and his employment. Following a number of hearings, a Workers’ Compensation Law Judge disagreed and concluded that claimant sustained an occupational disease entitling him to receive benefits. The Workers’ Compensation Board upheld this decision and Covanta now appeals.
Initially, Workers’ Compensation Law § 2 (15) defines an occupational disease as “a disease resulting from the nature of employment and contracted therein” (see Matter of Satalino v Dan’s Supreme Supermarket, 91 AD3d 1019, 1019 [2012]). In order to demonstrate that a condition is compensable as an occupational disease, a claimant must “establish a recognizable link between his [or her] condition and a distinctive feature of his [or her] occupation through the submission of competent medical evidence” (Matter of Mellis v New York State Dept. of Corrections, 9 AD3d 766, 767 [2004] [internal quotation marks and citations omitted]; see Matter of Dosztan v Kraft Foods, 113 AD3d 1007, 1008 [2014]; Matter of Sandell v Frito Lay, Inc., 112 AD3d 1242, 1243 [2013]).
Here, claimant maintained that he was exposed to the *1396 aspergillus fungus while working in the cooling tower, where he observed green plant life growing, and also in the boiler house under the ram feeder table, where there was decomposing garbage.[2] Based upon claimant’s occupational history, Richard Gordon, claimant’s treating pulmonologist, opined that claimant’s respiratory condition was causally related to his exposure to the aspergillus fungus at work. Gordon acknowledged, however, that the aspergillus fungus is a common source of pulmonary problems and can be found almost anywhere and, further, that he was unable to pinpoint exactly where or when claimant’s exposure occurred, or that it was definitely at Covanta’s plant.
Carl Friedman, a pulmonary specialist who conducted an independent medical examination based upon a review of claimant’s medical records, opined that claimant’s respiratory condition was not causally related to his employment. Because the aspergillus fungus is ubiquitous and is found in soil everywhere, Friedman testified, claimant could have been exposed in an industrial setting or at home in his own backyard. Friedman further indicated that it could not be determined exactly when claimant was exposed or, given claimant’s clinical history, the date of onset of the disease.
Based upon the foregoing, claimant has not demonstrated that his contraction of allergic bronchopulmonary aspergillosis was attributable to a distinctive aspect of his job as a maintenance mechanic and/or planner (see Matter of Mellis v New York State Dept. of Corrections, 9 AD3d at 767-768; Matter of Engler v United Parcel Serv., 1 AD3d 854, 855 [2003]). Given the commonality of the aspergillus fungus, as acknowledged by both medical experts, claimant could have been exposed to it anywhere at any time. Moreover, to the extent that the mold may have been present in claimant’s work environment, it was not a condition specific to claimant’s job (see Matter of Martin v Fulton City School Dist., 300 AD2d 901, 902 [2002]; Matter of Morgan v Olean City School Dist., 292 AD2d 694 [2002]). Consequently, the evidence was insufficient to establish that claimant sustained an occupational disease, and the Board’s decision must, therefore, be reversed.
Peters, P.J., Stein, Garry and Devine, JJ., concur.
Ordered that the decision is reversed, without costs, and matter remitted *1397 to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

. Notably, even though claimant had a history of asthma, was a former smoker, had been exposed to asbestos in a prior job and had previously been diagnosed with sarcoidosis and chronic obstructive pulmonary disease, there is no dispute that his development of allergic bronchopulmonary aspergillosis was due to his exposure to the aspergillus fungus.

. These claims were refuted by the testimony of Covanta’s safety and training manager and industrial hygienist, who indicated that it was algae, not mold, that was present in the cooling tower and that the aspergillus fungus could not survive in high temperatures in the area where the ram feeder table was located.