■ In the Matter of the Claim of MICHELLE CAPPELLETTI, Respondent, v MARCELLUS CENTRAL SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [3 NYS3d 778]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed May 13, 2013, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a school teacher, filed a claim for workers' compensation benefits, alleging that she developed an autoimmune disorder due to exposure to mold in her workplace. Following a hearing, a Workers' Compensation Law Judge found that claimant had established a work-related injury due to mold exposure. Upon review, the Workers' Compensation Board affirmed and the employer and its workers' compensation carrier now appeal.

We affirm. "To establish an accidental work-related condition that developed over time, rather than from a sudden event, claimant was required to demonstrate by competent medical evidence that his [or her] condition resulted from unusual environmental conditions or events assignable to something extraordinary" (*Matter of Mazayoff v A.C.V.L. Cos., Inc.*, 53 AD3d 890, 891 [2008] [internal quotation marks and citations omitted]; *see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 138 [1994]; *Matter of Laib v State Ins. Fund*, 101 AD3d 1279, 1279-1280 [2012]). Here, claimant testified that, over time, she was exposed to mold at work that resulted from water damage due to a leaking roof. According to claimant, although her breathing problems began in 1999, her condition worsened considerably in April 2010, when a major construction project at the school was taking place that included working on the roof and some remodeling near her classroom. In further support of her claim, claimant presented three medical opinions, all of which concluded that she suffers from a causally-related autoimmune disorder resulting from mold exposure at the school. Although the record contains medical opinions and other evidence that could support a contrary result, "the Board is entitled to draw any rea-

sonable inference from the evidence contained in the record, and this Court will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board would have supported a contrary conclusion" (*Matter of Camby v System Frgt., Inc.*, 105 AD3d 1237, 1238 [2013] [internal quotation marks and citations omitted]; *see Matter of Cicciarelli v Westchester Health Care Corp.*, 86 AD3d 733, 734 [2011]). Accordingly, despite the contrary evidence, we are satisfied that the Board's decision is supported by substantial evidence and it will not be disturbed.

Lahtinen, J.P., Garry and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.