*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 26, 2015                    518656
_____

In the Matter of the Claim of
    DELORES WILSON,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

YONKERS RACEWAY/EMPIRE CITY
    et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   February 20, 2015

Before:   Lahtinen, J.P., Garry, Rose and Devine, JJ.

                        _____

        Stewart, Greenblatt, Manning & Baez, Syosset (Peter M.
DeCurtis of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

                        _____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed June 28, 2013, which ruled that claimant sustained an
accidental injury and awarded workers' compensation benefits.

        Claimant began working for the employer in 2008.  She
stopped working in 2010 and filed a claim for workers'
compensation benefits alleging that she developed breathing
problems due to exposure to environmental irritants at her

workplace.  The Workers' Compensation Board ultimately ruled, after a mandatory full Board review, that claimant had sustained an accidental injury and established the claim.  The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) now appeal.

We affirm.  "To establish an accidental work-related condition, claimant was required to demonstrate by competent medical evidence that her condition resulted from unusual environmental conditions or events assignable to something extraordinary at her workplace" (Matter of Adams v Univera Health Care/Excellus, 26 AD3d 587, 588 [2006] [internal quotation marks and citations omitted]; see Matter of Mazayoff v A.C.V.L. Cos., Inc., 53 AD3d 890, 891 [2008]).  Claimant presented the report and testimony of her treating allergist who opined that claimant suffers from causally-related chronic hypersentivity pneumonitis that can develop from exposure to moldy hay or contaminants from air conditioning vents.  Claimant testified that she never had any respiratory problems prior to 2008, and the record reflects that claimant worked in a building that was 60 yards away from horse barns on the employer's property.  The record also reflects that claimant and other employees had periodically complained about black particles that came out of the air conditioning vent.

In contrast, the employer's medical expert opined that claimant suffers from centrilobular emphysema caused by smoking, although he acknowledged that claimant's serology was positive for exposure to antigens that cause hypersensitivity pneumonitis. Further, the employer's expert noted that claimant, who was 43 years old at the time she stopped working, tested negative for alpha-1 antitrypsin deficiency, a genetic disorder that can cause premature emphysema.  "According proper deference to the Board's resolution of conflicting medical evidence and evaluation of witness credibility, we find the Board's conclusion to be supported by substantial evidence and decline to disturb it" (Matter of Duncan v John Wiley & Sons, Inc., 54 AD3d 1124, 1126 [2008] [citations omitted]; see Matter of Sandell v Frito Lay, Inc., 112 AD3d 1242, 1244 [2013]).

Lahtinen, J.P., Garry and Rose, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court