*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    519839
_____

In the Matter of the Claim of
    EILEEN WADDY,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER
BARNARD COLLEGE et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Eileen Waddy, New York City, appellant pro se.

        Fischer Brothers, New York City (Martin Krutzel of
counsel), for Barnard College and another, respondents.

_____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed September 2, 2014, which ruled that claimant did not
sustain a causally related injury and disallowed her claim for
workers' compensation benefits.

        In 2012, claimant, who worked in the employer's mail room,
applied for workers' compensation benefits upon the basis that
exposure to atmospheric irritants at her workplace caused her to
develop disabling asthma.  Following hearings, a Workers'
Compensation Law Judge disallowed the claim, finding that
claimant failed to establish that her asthma is causally related

to her employment.  Upon review, the Workers' Compensation Board affirmed, prompting this appeal.

We affirm.  "To establish an accidental work-related condition, claimant was required to demonstrate by competent medical evidence that her condition resulted from unusual environmental conditions or events assignable to something extraordinary at her workplace" (Matter of Adams v Univera Health Care/Excellus, 26 AD3d 587, 588 [2006] [internal quotation marks and citations omitted]; accord Matter of Wilson v Yonkers Raceway/Empire City, 126 AD3d 1260, 1260 [2015]).  Claimant testified that her workplace moved to a new location in the basement of a building in 2010.  She further stated that the new location was poorly ventilated, and that she developed asthma as the result of exposure to dust and mold due to the poor ventilation.

The Board based its finding that claimant had not established that her asthma was the result of environmental conditions at her workplace on the opinion of William Marino, her treating pulmonologist.  Marino testified that he could not determine whether claimant's asthma resulted from exposure to environmental irritants at work or from other allergens present outside of the workplace.  The Board also relied on the report and testimony of Carl Friedman, a pulmonologist who conducted an independent medical examination of claimant and reviewed her medical records.  Friedman opined that claimant's asthma was not caused by conditions present at her workplace, noting a February 2012 indoor air quality test of the workplace that found no adverse environmental conditions (see Matter of Mazayoff v A.C.V.L. Cos., Inc., 53 AD3d 890, 892 [2008]; Matter of Adams v Univera Health Care/Excellus, 26 AD3d at 588).  Although claimant presented the testimony of her family physician, Rajesh Patel, who testified that claimant "probably got exposed to some kind of allergen or some kind of substance at work" that resulted in her asthma, "it is the province of the Board to resolve conflicts in medical opinion" (Matter of Hosmer v Emerson Power Transmission, 295 AD2d 870, 871 [2002]; see Matter of Venditti v D'Annunzio & Sons, 128 AD3d 1303, 1304 [2015]).  Substantial evidence thus supports the Board's determination that claimant did not sustain a causally related injury (see Matter of Mazayoff v A.C.V.L.

<u>Cos., Inc.</u>, 53 AD3d at 892). Claimant's remaining contentions, to the extent not specifically discussed herein, have been reviewed and found to be without merit.

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court