■ In the Matter of the Claim of Bonnie Boyuk, Appellant, v Triad Retail Media et al., Respondents. Workers' Compensation Board, Respondents. [63 NYS3d 765]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 29, 2016, which, among other things, ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant, an office manager for the employer, applied for workers' compensation benefits claiming that she sustained an occupational injury on November 3, 2014 when she was exposed to aroma therapy fragrances emitted from a fragrance diffuser in her workplace. As a result of the exposure, claimant alleged that she contracted asthma resulting in lost work time and medical expenses. Following a hearing, a Workers' Compensation Law Judge established the claim, finding, among other things, that claimant had sustained a causally-related occupational injury. Upon administrative review, the Workers' Compensation Board reversed, determining that claimant did not sustain a causally-related respiratory injury and disallowed her claim. Claimant now appeals.

We affirm. "Whether a compensable [occupational injury] has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (*see Matter of Quigley v Concern for Ind. Living*, 146 AD3d 1185, 1185 [2017] [internal quotation marks and citations omitted]; *see Matter of Rolleri v Mastic Beach Ambulance Co., Inc.*, 106 AD3d 1292, 1292 [2013], *lv denied* 21

NY3d 865 [2013]).* Claimant testified that she is sensitive to fragrances and that, on the day of the incident, the fragrance produced by an industrial strength aroma therapy diffuser caused an adverse respiratory reaction with various symptoms that ultimately produced her asthma condition. Following this incident, she sought treatment from Evelyn Tolston, a physician and allergist, for her alleged occupational asthma. Based upon her interview and physical examination of claimant, Tolston reported, among other things, that administration of the methacholine test produced results that were "undoubtedly diagnostic of bronchial asthma" and concluded that claimant had sustained causally related occupational asthma.

Contrary to the conclusion reached by Tolston, Monroe Karetzky, a pulmonologist who conducted pulmonary function tests and lateral chest X rays during the course of his independent medical examination of claimant, reported an absence of objective findings to support a diagnosis of a pulmonary disability or any respiratory impairment and that claimant does not present with lung disease, including reactive airway disease or interstitial disease. Although claimant alleged in her C-3 form that, prior to the incident in question, she "was not diagnosed with asthma" and did not "require prescription medication," Karetzky testified, based upon his review of claimant's medical history, that claimant was first diagnosed with asthma in 2012, for which she was prescribed short and long-term acting bronchodilators, and that her alleged respiratory condition could be attributable to her cohabitation with five cats and three dogs. Karetzky further indicated that, after performing various objective testing of claimant, she presented with no lung abnormalities, "no evidence of any obstructive lung disease, reactive lung disease or any sort of restrictive lung disease" and no "objective findings to indicate the presence of any lung disease" or any pulmonary disability. Finally, Karetzky disagreed with Tolston's diagnostic conclusions because her administration of the methacholine provocation test produced inaccurate test results inasmuch as the spirogram data reflects that claimant's inspiratory maneuver was impaired and inadequate. According proper deference to the Board's resolution of the conflicting medical evidence regarding whether claimant sustained a causally-related occupational re-

---

* Once the existence of an occupational injury is established, a claimant also bears the burden of establishing by competent medical evidence that his or her alleged injury is causally related to his or her employment (see *Matter of Granville v Town of Hamburg*, 136 AD3d 1254, 1255 [2016]; *Matter of Venditti v D'Annunzio & Sons*, 128 AD3d 1303, 1304 [2015]).

spiratory injury and evaluation of witness credibility (*see Matter of Johnson v Adams & Assoc.*, 140 AD3d 1552, 1553 [2016]; *Matter of Wilson v Yonkers Raceway/Empire City*, 126 AD3d 1260, 1261 [2015]), we conclude that the Board's determination that claimant did not sustain a causally-related respiratory injury is supported by substantial evidence and it will not be disturbed (*cf. Matter of Waddy v Barnard Coll.*, 135 AD3d 1257, 1258 [2016], *lv denied* 27 NY3d 909 [2016]; *Matter of Mazayoff v A.C.V.L. Cos., Inc.*, 53 AD3d 890, 892 [2008]). Claimant's remaining claims have been considered and found to be without merit.

McCarthy, J.P., Egan Jr., Lynch and Rumsey, JJ., concur. Ordered that the decision is affirmed, without costs.