Matter of Connolly v Covanta Energy Corp. (2019 NY Slip Op 04244)





Matter of Connolly v Covanta Energy Corp.


2019 NY Slip Op 04244


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526693

[*1]In the Matter of the Claim of EDWARD CONNOLLY, Respondent,
v
COVANTA ENERGY CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Goldberg Segalla LLP, Buffalo (Brendan T. Fitzpatrick of counsel), for appellants.
John F. Clennan, Ronkonkoma, for Edward Connolly, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed July 28, 2017, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.
Claimant, a maintenance planner/mechanic at a garbage recycling and energy production facility, coughed up blood in December 2010 and, following a lung biopsy in March 2011, was diagnosed with allergic bronchopulmonary aspergillosis as a result of his exposure to aspergillus fungus, a type of mold. Claimant filed a claim for workers' compensation benefits claiming that he had sustained an occupational disease by the inhalation of the mold at work. The Workers' Compensation Board affirmed a decision of the Workers' Compensation Law Judge (hereinafter WCLJ) finding that claimant sustained an occupational disease. The employer appealed to this Court. We reversed, finding that there was insufficient medical evidence to establish that claimant sustained an occupational disease and remitted the matter to the Board for further proceedings (123 AD3d 1394 [2014], lv denied 25 NY3d 910 [2015]).
Upon remittal, the Board restored the matter to the trial calendar for development of the record on the issue of whether claimant's allergic bronchopulmonary aspergillosis constitutes an accidental injury. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) moved to preclude consideration of medical reports and testimony from Eckardt Johanning, a physician who examined claimant, claiming that the reports did not [*2]comply with the requirements of Workers' Compensation Law § 137. The WCLJ denied the motion and, upon appeal, the Board affirmed. Following the submission of additional evidence and testimony, the WCLJ ruled that a claim for accident, notice and causal relationship for an accidental injury was established with an accident date of May 19, 2011 — the date of diagnosis. The Board affirmed, and the employer appeals.
We are unpersuaded by the employer's assertion that it was error to consider claimant's claim for a causally-related accidental injury because the issue of causality was already determined by this Court when the matter was previously before us (123 AD3d 1394 [2014], supra). Upon remittal, the Board was free to consider the new theory for the claim, and "denial of a claim in the occupational disease category is not definitive for an accidental injury in the workplace category" (Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., 84 NY2d 129, 136 [1994]; see e.g. Matter of Engler v United Parcel Serv., 16 AD3d 969, 970 [2005], lv denied 5 NY3d 705 [2005]; Matter of Engler v United Parcel Serv., 1 AD3d 854, 855-856 [2003]). Furthermore, "[t] the Board has continuing jurisdiction over matters presented before it and may modify prior decisions on its own initiative in the interest of justice" (Matter of Tames v New York Med. Coll., 27 AD3d 917, 918 [2006]).
We also find without merit the employer's assertion that Johanning's medical reports should have been precluded for failure to comply with Workers' Compensation Law § 137. Workers' Compensation Law § 137 requires that a copy of a report of an independent medical examination be submitted by the practitioner on the same day and in the same manner to, among others, the Board and the insurance carrier. The record establishes that Johanning was retained for the purpose of providing a medical assessment of claimant in connection with a third-party action against a chemical company subcontractor, not for the purpose of obtaining workers' compensation benefits. Furthermore, Johanning is not an independent medical examiner, inasmuch as he has examined claimant on multiple occasions and consults with claimant regarding his medical treatment for allergic bronchopulmonary aspergillosis. As such, we find no error in the Board's decision that Johanning's medical reports are not subject to the statutory requirements of Workers' Compensation Law § 137 (see 12 NYCRR 300.2 [b] [4]; cf. Matter of Estanluards v American Museum of Natural History, 53 AD3d 991, 992 [2008]).
Turning to the merits, we find no reason to disturb the Board's decision finding that claimant suffered an accidental injury. "To be compensable under the Workers' Compensation Law, an accidental injury must arise both out of and in the course of employment" (Matter of Kaplan v New York City Tr. Auth., 162 AD3d 1194, 1195 [2018] [citations omitted]; see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., 84 NY2d at 134). "Notably, this is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence" (Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d 965, 966 [2018] [citations omitted]; see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., 84 NY2d at 134). "To establish an accidental work-related condition that developed over time, rather than from a sudden event, [a] claimant [is] required to demonstrate by competent medical evidence that his or her condition resulted from unusual environmental conditions or events assignable to something extraordinary" (Matter of Cappelletti v Marcellus Cent. Sch. Dist., 125 AD3d 1082, 1082 [2015] [internal quotation marks, brackets and citations omitted]; see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., 84 NY2d at 136; Matter of Laib v State Ins. Fund, 101 AD3d 1279, 1279-1280 [2012]; Matter of Duncan v John Wiley & Sons, Inc., 54 AD3d 1124, 1125 [2008]; Matter of Engler v United Parcel Serv., 16 AD3d at 970). "[T]he concept of time-definiteness required of an accident can be thought of as applying to either the cause or the result, . . . and it is not decisive that a claimant is unable to pinpoint the exact date on which the incident occurred" (Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d 130, 135 [1975] [internal citations omitted]; see Matter of Knapp v Vestal Cent. Sch. Dist., 247 AD2d 667, 669 [1998]).
The Board based its finding, in part, on the opinion of Johanning, who testified that, based upon his personal visit to claimant's workplace, the environmental testing and [*3]environmental inspection, claimant's medical and work history and the laboratory testing, claimant's cumulative and accidental exposure to the aspergillus fungi was causally related to his inspection and remediation work at the cooling towers in March and April 2010. Johanning testified that, while aspergillus can be found both indoors and outdoors, it is not an ubiquitous mold; rather, it is commonly found in workplaces where there is composting organic material with wet conditions, moisture and dampness. Although this differs from other medical testimony regarding the ubiquitous nature of aspergillus, "the Board is entitled to draw any reasonable inference from the evidence contained in the record, and this Court will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board would have supported a contrary conclusion" (Matter of Cappelletti v Marcellus Cent. Sch. Dist., 125 AD3d at 1082-1083 [internal quotation marks and citations omitted]; Matter of Duncan v John Wiley & Sons, Inc., 54 AD3d at 1126).
Further, claimant testified that he was involved about twice a year in inspecting and repairing the cooling towers, which he described as wet, moldy and with plant life growing inside them. He testified that, in March and April 2010, remediation on the cooling towers was conducted because fill and drift eliminators were clogged and had to be replaced. During the remediation, the drift eliminators were removed from the cooling tower and sent down a chute, hitting the ground where claimant, who was not wearing a respirator, was standing, creating a dusty environment — which, according to claimant, caused the bacteria and particles in the drift eliminators to dislodge and become airborne. Claimant testified that he believed his subsequent breathing issues were related to his asthma, until December 2010 when he coughed up blood and, ultimately, was diagnosed with allergic bronchopulmonary aspergillosis. In our view, the foregoing provides substantial evidence to support the Board's decision, regardless of the existence of proof that could support a contrary conclusion, and, as such, it will not be disturbed (see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., 84 NY2d at 136; Matter of Cappelletti v v Marcellus Cent. Sch. Dist., 125 AD3d at 1082-1083; Matter of Duncan v John Wiley & Sons, Inc., 54 AD3d at 1126).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.